ASSOCIATES DISCOUNT CORPORATION *v.* SMITH'S WINDHAM LINCOLN-MERCURY SALES, INC.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 14—decided November 30, 1965

*Abraham R. Friedman,* with whom, on the brief, was *Alfred F. Kotchen,* for the appellant (plaintiff).

*Everett F. Fink,* with whom, on the brief, was *Joseph W. Ress,* for the appellee (defendant).

ALCORN, J. The trial court rendered a summary judgment for the defendant, and the plaintiff has appealed.

The defendant sold six tractors to a third party. Each transaction was separate and under an individual conditional sales contract called a "security agreement". Each contract provided, in substance, that if the purchaser failed to pay any instalment when due, the seller, described as the "secured party", might enter any premises where the vehicle was, take possession of it, sell it at public or private sale with or without notice, and bid at the sale. The contract defined the term "secured party" to include successors or assigns of the seller. The defendant assigned each of the contracts to the plaintiff. The assignment in five of the contracts provided, in part, that "[t]he undersigned [defendant] guarantees payment of the unpaid balance on said Security Agreement as and when the same shall become due and payable under the terms of said Security

Agreement". The other contract was assigned with a repurchase clause providing that "[t]he undersigned [defendant] further agrees that if Assignee [plaintiff] repossesses the said motor vehicle described in said Security Agreement, the undersigned will purchase the said motor vehicle in accordance with the provisions of Dealer's Protection Agreement No. 1 and will purchase said motor vehicle although Assignee has, without undersigned's consent, waived defaults made by the Debtor in performing said Security Agreement and/or granted extensions of time to said Debtor in which to perform." The tenor of "the provisions of Dealer's Protection Agreement No. 1" does not appear. The purchaser of the vehicles defaulted, and the plaintiff sued the defendant for the unpaid balance on each contract.

The complaint was in six counts, each relating to one of the contracts. Each count alleged the sale to which it related, the assignment by the defendant of the applicable contract, the defendant's guarantee of the unpaid balance, the defendant's default and the amount of the unpaid balance for which demand was made.

The defendant's answer admitted all allegations of the complaint except those asserting that it had guaranteed payment of the unpaid balance, that it was in default for the unpaid balance claimed and that demand had been made for that balance. These allegations were expressly denied. In addition, the defendant pleaded a special defense, alleging, in substance, the plaintiff's failure to comply with § 42a-9-504 of the General Statutes by neglecting to hold a legal public auction of the vehicles at which the plaintiff claimed to have purchased them and a failure to dispose of the collateral in a commercially

reasonable manner as required by that statute. In addition, it was alleged that the plaintiff violated § 42a-1-203 by failing to proceed in good faith in disposing of the collateral. The plaintiff denied the allegations of this special defense.

In response to interrogatories in a motion for disclosure filed by the defendant, the plaintiff supplied detailed information concerning its repossession and sale of the vehicles and the amounts for which each was sold.

After the pleadings were closed, the defendant moved for summary judgment on two grounds, first, that the plaintiff's claim on each count arises from deficiencies alleged to have occurred after repossession of the several vehicles and, second, that because of the irregularities in the conduct of the public auction alleged in the special defense the plaintiff was not entitled to recover any deficiency. The affidavit required by § 299 of the Practice Book in support of the motion dealt only with the second ground of the motion. The affidavit did not purport to sustain the first ground. The plaintiff filed an objection to the motion for summary judgment fully supported by affidavits, alleging, in substance, that the plaintiff had purchased the security agreements with full recourse from the defendant, that payments under them were in default, that the defendant was unable to honor its full recourse endorsements, that the vehicles were repossessed and sold at public sale to the plaintiff as the highest bidder, that they were thereafter left with the defendant to afford it an opportunity to repair and sell the vehicles in order to raise money to honor its endorsement, but that the defendant was unable to resell the vehicles, and that the plaintiff took possession of them in mitigation of the damages.

A comparison of the total time balances due under the contracts, the bid prices at the sales as stated in the answer to the motion for disclosure and the amounts claimed as damages in the plaintiff's complaint exhibited a wide variation. The total time balance due on the six contracts, after deducting only the amounts paid by the purchaser of the vehicles was $60,754.98. If the bid prices at the disputed public sale were deducted from this total, the deficiency due the plaintiff amounted to $40,054.98. The complaint claimed that the plaintiff was entitled to recover a total of $65,095.77.

In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135. If the affidavits and papers in the file (Practice Book § 299) raised an issue of law, it was not the province of the court to undertake conclusively to resolve that question; instead, it should follow the procedure provided by § 306 of the Practice Book and require the filing of pleadings formally presenting that issue. *Perri* v. *Cioffi,* 141 Conn. 675, 680, 109 A.2d 355.

From the overly lengthy recital above, it would appear that the defendant had furnished no affidavit to support its claim that the complaint sought to recover deficiencies arising after the repossession of the vehicles. The language of the complaint and the amounts sought to be recovered indicate that the plaintiff claimed the total time balance after deducting only the payments made by the defendant's original purchaser. The plaintiff's affidavit moreover confirmed that it sought to compel the defendant to honor its full recourse endorsements. Over against this claim by the plaintiff was the

defendant's expressed denial of any liability at all predicated on two grounds, first, that it had not made the guarantee alleged and, second, that no suit could be maintained by the plaintiff until deficiencies had been determined by a legal and properly conducted sale, which, in this case, had not been held.

Important issues were thus presented involving not only the nature, extent and legal effect of the defendant's guarantee under the language of the several contracts but also the necessity for, the legality of, and the effect, as a matter of law, of the disputed public auction under § 42a-9-504.

The court does not enlighten us as to the basis of its decision. There is no finding and no memorandum of decision. The judgment recites only: "The court finds that there is no genuine issue as to any material fact in the complaint with respect to the liability of the defendant, and that upon such facts the defendant is entitled to judgment as a matter of law."

On the record which confronted the court below it is not essential that we know the basis on which it reached its determination to render the summary judgment. This is because, under any theory, there was manifest error in the. rendition of a summary judgment.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.