TIDEWATER OIL COMPANY *v.* MURPHY MOTORS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-654-19244

Argued December 19, 1966—decided January 6, 1967

*David B. Cohen,* of Derby, for the appellant (defendant).

*Frederic M. Klein,* of New Haven, for the appellee (plaintiff).

JACOBS, J. The complaint alleged that on February 28, 1958, the parties entered into an agreement by the terms of which the defendant agreed to pay the plaintiff $3204.53, representing the balance due the plaintiff for expenses incurred by it in making certain installations and improvements at the defendant's service station at 266 Seymour Avenue in the town of Derby, together with $218 for relocating a lift, making a total to the plaintiff of $3422.53, payable under the following arrangement: The plaintiff would credit against the total one cent for

each gallon of Tidewater gasoline and ten cents for each gallon of Veedol and Tydol motor oils and greases purchased by the defendant from the plaintiff. Purchases were made pursuant to and under a so-called dealer's contract entered into by the parties on January 31, 1958, and referred to in the agreement of February 28, 1958. A material and essential paragraph of the dealer's contract provided that "if at any time during said initial period [being seven years and eight months commencing February 15, 1958] of said dealer contract you [defendant] shall cease to handle our petroleum products at said service station premises, and at the time of said cessation, the total of said credits shall amount to less than said total cost then you [defendant] shall promptly pay us the deficiency on demand." The complaint further alleged that "[o]n or about May 18, 1964, the defendant ceased to handle and sell plaintiff's petroleum products at said service station and ceased to personally operate said service station on said premises." After allowing the defendant combined credits of $1370.71, as provided for under the terms of the agreement, the plaintiff claimed a balance due it of $2051.82.

The defendant filed a general denial and special defense which set up an assignment by it to a third party which the plaintiff accepted "in place and in lieu of the defendant," thereby "relieving the defendant of any and all possible liability thereunder." The trial court *(Hamill, J.)* sustained the plaintiff's demurrer to the special defense. After demurrer sustained, the defendant pleaded over and again pleaded a general denial and three special defenses, viz.: (1) estoppel; (2) novation; and (3) failure to apply proper credits in favor of the defendant. The plaintiff demurred to the special defenses upon several grounds; the court *(Mostyn, J.)* sustained the demurrer upon grounds

set forth by Judge Hamill in an earlier memorandum of decision. After the defendant's motion to open and reargue was denied *(Mostyn, J.)*, the plaintiff moved for summary judgment, attaching to the motion an affidavit of debt and a copy of the agreement. The defendant filed a counter affidavit in which it made substantially the same allegations previously pleaded in the special defenses. The court granted summary judgment and rendered judgment in favor of the plaintiff to recover of the defendant the sum of $2051.82 and interest of $285.10, together with its costs. On this appeal, the sole question is whether the court erred in rendering summary judgment.

"In passing on the . . . [plaintiff's] motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264 . . . . If the affidavits and papers in the file (Practice Book § 299) raised an issue of law, it was not the province of the court to undertake conclusively to resolve that question; instead, it should follow the procedure provided by § 306 of the Practice Book and require the filing of pleadings formally presenting that issue." *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180. The action of the trial court in granting the motion necessarily imported two distinct rulings, first, that "there is no genuine issue as to any material fact," and second, that "the moving party is entitled to judgment as a matter of law." Practice Book § 303.

In reviewing the second of these rulings, we are incidentally also reviewing the ruling sustaining the demurrer to the three special defenses, for, as previously noted, the counter affidavit contained substantially the same allegations as the special

defenses. If these allegations do not constitute a defense, no question of law would be raised by the counter affidavit. Furthermore, we have here the unusual situation where a question of law claimed to be raised by the counter affidavit has already been ruled upon in previous pleadings; thus, if the previous ruling is correct no purpose would be served in ordering an appropriate pleading under Practice Book § 306. In short, the correctness of the ruling on the special defenses becomes decisive of the ruling on the motion for summary judgment. See 41 Am. Jur., Pleading, § 343.

For the purpose of this appeal, we do not need to do more than turn our attention to one aspect of this case, the claim of novation. The term novation "is usually used with reference to instances in which a new party is introduced into the new contract." *Riverside Coal Co.* v. *American Coal Co.,* 107 Conn. 40, 44; see *Thames Lumber Co.* v. *Cruise,* 116 Conn. 273, 276. Of course, "the burden of proof rests on him who asserts that there has been a novation to establish it." 66 C.J.S. 715, Novation, § 26. "[Novations] frequently involve a serious question of fact as to whether the creditor really agreed to discharge his prior debtor before performance has actually been rendered by the new promisor . . . ." 6 Corbin, Contracts § 1297, p. 218; see 6 Williston, Contracts (Rev. Ed.) § 1875. If in fact, therefore, the defendant can show all of the essential elements of novation; see 66 C.J.S., Novation, § 16; 39 Am. Jur., Novation, § 5; it would be a travesty of justice to permit the plaintiff to recover.

In the present case, the material in the file sets forth sufficient facts to show at least the color of a defense. See *Perri* v. *Cioffi,* 141 Conn. 675, 680. "It is fundamental that the purpose of the summary judgment procedure is to grant relief in cases where

procedural tactics are interposed to delay the trial and the inevitable result sought by the institution of the suit. It is designed to cut through sham and frivolity in an answer and lay the case before the trial court in its true light. If, when so viewed, there appears to be no genuine triable issue of fact, the relief should be granted. But the burden is upon the moving party to show the clear absence of such genuine issue of fact. Moreover, because of the summary nature of the disposition of the issues of the case, such relief is to be granted with much caution so as not to defeat a litigant's right to a plenary trial on the merits." *Monmouth Lumber Co.* v. *Indemnity Ins. Co. of North America,* 21 N.J. 439, 448; see 6 Moore, Federal Practice (2d Ed.) ¶ 56.04[2], p. 2066; James, Civil Procedure § 6.18.

The court was not warranted in rendering summary judgment.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion KOSICKI and KINMONTH, Js., concurred.