MALCOLM McCOLL *v.* ANDREW J. PATAKY ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 3—decided March 2, 1971

*Sutherland W. G. Denlinger,* for the appellants (defendants).

*William B. Lewis,* with whom was *Robert G. Krause,* for the appellee (plaintiff).

RYAN, J. In this action seeking specific performance and damages, the plaintiff alleged in his complaint that on or about August 30, 1967, he entered into a written contract with the defendants wherein the defendants agreed to sell, and the plaintiff agreed to buy, certain real estate and personal property situated in the town of Darien; and that although the plaintiff has been ready, willing and able to perform the contract on his part the defendants have refused to convey the property to him. In their answer, the defendants admit the execution of the contract but deny the remainder of the allegations of the complaint. The defendants also filed a cross complaint wherein it was alleged that the contract of sale between the plaintiff and the defendants contained an agreement by the parties that Self-Service Real Estate, Inc., was the broker and agent which made the sale and the sellers agreed to pay its commission; that at the time the plaintiff entered into the contract he was aware that Roland W. Octeau, Sr., had shown him the premises on a previous occasion; that the plaintiff failed to disclose

that Octeau was an agent involved in the negotiation of the contract between the parties and misrepresented the facts to the defendants; and that as a result of the plaintiff's concealment of facts and misrepresentation the defendants were damaged. In his answer to the cross complaint the plaintiff denied the allegations concerning Octeau, and the defendants' claims of concealment of facts and misrepresentation.

The plaintiff then moved for summary judgment and submitted affidavits and documentary proof to which the defendants filed a counter affidavit. The trial court rendered summary judgment of specific performance for the plaintiff and the defendants have appealed to this court.

"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135; 6 Moore, Federal Practice (2d Ed.) ¶ 56.04. In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist. *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22; *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909. Under the provisions of § 303 of the Practice Book, such a judgment could be granted only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Dowling* v. *Kielak,* 160 Conn. 14, 16, 273 A.2d 716.

The plaintiff submitted an affidavit indicating that he was ready, willing and able to purchase the property at the agreed price of $32,500. His affidavit

was accompanied by fourteen documents marked as exhibits. The documents set forth in detail the source of the funds available to him to pay the contract price of $32,500. They also set forth correspondence between the parties and their attorneys. Included therein was a copy of a letter wherein the defendant, Andrew Pataky, indicated he would not sell the property for another year because of "complications."

The defendants in their counter affidavit made no denial of the matters set forth in the plaintiff's affidavit. It was directed entirely to the alleged existence of a broker other than the one named in the contract. "Pursuant to § 300 of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit. In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party. *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613, 228 A.2d 149." *Dorazio* v. *M. B. Foster Electric Co.*, supra. In support of their claim the defendants offered nothing but obviously inadmissible hearsay.

The defendants in their brief urge that the plaintiff was not financially able to pay the $32,500 because the checks, mortgage commitment, deposits paid to the defendants and a savings bank account totaled $32,428.45 instead of $32,500, leaving a shortage of $71.55. They claim also that a $7000 check was payable to the plaintiff's wife, a $3250 check was payable to both the plaintiff and his wife, and the mortgage commitment of a bank for $17,000

was addressed to both husband and wife. There is nothing either remarkable or unusual in a cooperative effort by a husband and wife in the purchase of a home. The plaintiff's affidavit alleged that he was able to pay the purchase price and the defendants made no effort to contradict this in their counter affidavit. There is no merit in the defendants' contentions. " 'The purpose of . . . [summary judgment] is to preserve the court from frivolous defences and to defeat attempts to use formal pleading as means to delay the recovery of just demands.' " *Rathkopf* v. *Pearson,* supra, 264.

At the hearing on the motion for summary judgment counsel for the plaintiff indicated to the trial court that his client was willing to indemnify the defendants in the event a second brokerage claim should be proven. Such an order to indemnify the defendants was included in the judgment of the court below. The defendants now urge that it was improper to order indemnity when the defendants sought damages in their counterclaim. The trial court rendered summary judgment for the plaintiff on the issue of liability. The defendants were not entitled to any judgment on the cross complaint and the order of indemnity was embraced within the judgment by the trial court only because the plaintiff, to show his good faith, volunteered that this be done. Certainly the defendants have no ground for complaint.

Although none of the parties has raised the issue, this court is obliged to consider whether the judgment in the present case is a final one from which an appeal lies. The plaintiff moved for summary judgment on the issue of liability and for an order of reference to a state referee for a hearing in damages. Practice Book § 304 provides that on

the entry of judgment which may be "interlocutory in character", the court "shall order an immediate hearing before a referee, before the court, or before a jury, whichever may be proper, to determine the amount of damages. . . . Upon the conclusion of these proceedings, the court shall forthwith render the appropriate summary judgment." An interlocutory judgment is not a final one from which an appeal lies. *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 214 A.2d 375; see *Palmer* v. *Hartford National Bank & Trust Co.,* 157 Conn. 597, 253 A.2d 28. The record indicates that the trial court was under the impression that the hearing in damages requested was to the court. It informed the parties that it was not going to award damages because the plaintiff was not entitled to any, but that the plaintiff was "entitled to a summary judgment that this conveyance should be made." At this time the plaintiff should have asserted to the court his claim for a reference to a state referee, but no objection was interposed and no exception was taken. By his failure to act the plaintiff waived the claim for damages. The judgment rendered by the court is not interlocutory, no damages were awarded to the plaintiff, nor was any reference made for a hearing in damages. The test of finality is whether the rights of the parties are concluded so that further proceedings cannot affect them. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67. The judgment in the present case is final.

There is no error.

In this opinion the other judges concurred.