IRVING BERNSTEIN ET AL. *v.* ALDINE METAL PRODUCTS
CORPORATION

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 3-698-9656

Argued April 5—decided April 30, 1971

*David S. Grossman,* of Brookfield, for the appellant (defendant).

*Charles F. Stelljes,* of Danbury, for the appellees (plaintiffs).

JACOBS, J. The sole issue on this appeal is whether the trial court erred in rendering a summary judgment.

The plaintiffs are certified public accountants seeking to recover fees for services rendered pursuant to an alleged agreement whereby the defendant agreed to pay the plaintiffs $500 for each accounting quarter. The plaintiffs rendered services and billed the defendant at the agreed rate of $500 for each of the two quarters ending June 30, 1967, and September 30, 1967, and received full payment for those services. The plaintiffs rendered accounting services for the defendant for the next following four quarters, namely, the quarters ending December 31,

1967, March 31, 1968, June 30, 1968, and September 30, 1968, at the agreed rate of $500 for each quarter. The complaint alleged that the "amount due on the account charged in conformity with said agreement was and still is $2000.00" and that the "defendant has not paid the same." The defendant filed a general denial.

The plaintiffs made a motion for summary judgment under the provisions of Practice Book § 297; see *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 376; and in support of the motion submitted the affidavit of Lawrence Trager, a partner in the accounting firm of Bernstein, Robbins and Trager, to which was attached a letter dated August 19, 1969, signed by the defendant's duly authorized attorney and addressed to the plaintiffs' New York counsel. In that letter, the indulgence of the plaintiffs was requested in the enforcement of their claim of $2000, since "Aldine is presently in the process of merging with a large New York corporation . . . whose sales run into the seven figure bracket. At the time of the take-over, estimated to be in about 60 days, all obligations will be taken care of in full. Meanwhile, we are attempting to make a partial payment on this account on a regular basis." The letter contains no denial of the obligation to pay, nor does it contain one word of dissatisfaction with the plaintiffs' services.

The defendant's counter affidavit characterizes the plaintiffs' work as "only marginally acceptable" and "spotty," but the counter affidavit does not " 'condescend upon particulars' as Lord Blackburn aptly put it." James, Civil Procedure § 6.18, p. 234. The defendant, even on a motion for summary judgment, must provide at least some small ray of light indicating eventual illumination of the material issues. This it has not done.

In passing on a motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but it cannot try that issue if it does exist. *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228; *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.*, 153 Conn. 176, 180. "The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. . . . In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 380.

On a review of the affidavits and papers on file (Practice Book § 299), it clearly appears to us that no material and triable issues of fact are presented on this record. Such issues of fact between the parties as may exist are peripheral only; the plaintiffs are, therefore, entitled to judgment as a matter of law.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.