JACK J. ALBOM ET AL. *v.* KATZ CORPORATION ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1388

Argued June 27—decided September 30, 1983

*Robert A. Slavitt,* with whom, on the brief, was *Ellery E. Plotkin,* for the appellant (defendant Robert A. Katz).

*Charles G. Albom,* for the appellees (plaintiffs).

. F. HENNESSY, J. In 1973, the plaintiffs were contacted by a friend concerning a proposed real estate venture. The venture consisted of investment in a proposed limited partnership known as Alpine Village. The purpose of the limited partnership was the acquisition of condominiums in Waterville Valley, New Hampshire. According to the proposal, the defendant Katz Corporation (hereinafter the corporation) would be the sole general partner and the plaintiffs, along with several other parties, would be limited partners.

In August, 1973, the plaintiffs contacted the defendant Robert A. Katz, the president and chief executive officer of the corporation, and informed him that they would like to participate in the venture. Thereafter, an employee of the corporation delivered to the plaintiffs a "Certificate of Formation of Limited Partnership" and a "Limited Partnership Agreement" for their signatures. The plaintiffs signed the documents and returned them along with a check for $2076.25 payable to "Katz Corporation, Trustee re Alpine Village." Over the next sixteen months, the plaintiffs sent additional checks in various amounts payable to "Alpine Village." The total amount of the plaintiffs' investment in the venture was $7750.[1]

In April, 1977, the plaintiffs received notice that the proposed limited partnership had never been formed, but that their investment would be used toward the formation of a new partnership for the same purpose.[2] The plaintiffs responded that they were "not interested in

[1] At trial, the plaintiffs were able to produce cancelled checks totalling only $7507.01. In a letter written by Katz to another limited partner, however, Katz admitted that the plaintiffs' investment was $7750.

[2] This "notice" was a copy of a letter sent by Katz (as president of Katz Corporation) to one of the other proposed limited partners, Dr. White. The notice stated that "[a]ssuming that you [Dr. White] and Dr. Albom are ready to go, then I will authorize Attorney Robert A. Slavitt to form a partner-

forming a new partnership." Thereafter, Katz informed them that unless they agreed to this arrangement, they would lose their investment.[3] The plaintiffs reiterated their opposition to the new partnership and requested proof of the loss of their investment for income tax purposes.

The plaintiffs thereafter commenced this action against Katz, individually, and against the corporation. The trial court rendered judgment for the plaintiffs against both defendants and Katz appealed to this court.[4] Although several claims of error have been briefed, the dispositive issue is whether the court erred in holding Katz personally liable for the plaintiffs' losses. We conclude that it did.

The trial court found that both Katz and the corporation owed a fiduciary duty to the plaintiffs. It concluded, therefore, that "Robert A. Katz individually and the defendant 'Katz Corporation Trustee re Alpine Village' violated the cardinal rule of undivided loyalty on the part of fiduciaries by their actions in this case, i.e., investing the funds of the Alboms before the limited partnership was formed and became a legal entity as required by statute."

There was no evidence to support the finding that Katz stood in a fiduciary relationship to the plaintiffs. A fiduciary is "a person holding the character of a trustee, or a character analogous to that of a trustee, in respect to the trust and confidence involved in it and

ship in which we [the corporation] will act as Managing Partner, but we would all be partners. Katz Corporation will agree to maintain a 10% interest as a Managing Partner and dispose of the other 70% to its present stockholders."

[3] The record does not reveal why the plaintiffs "would lose their investment" nor does it explain fully how the plaintiffs' contribution was expended; but there was no testimony to suggest that Robert Katz used the funds personally.

[4] The appeal was taken by Robert A. Katz, individually. The Katz Corporation has not appealed the judgment of the court.

the scrupulous good faith and candor which it requires. A person having duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking." Black's Law Dictionary; see *State* v. *Hagerty,* 251 La. 477, 478, 205 So. 2d 369 (1968); *Mobil Oil Corporation* v. *Rubenfeld,* 72 Misc. 2d 392, 399–401, 339 N.Y.S.2d 623 (1972).

In the present case, there was no evidence that Katz individually was acting as trustee for the other members of the proposed limited partnership. The checks which the plaintiffs sent were payable to "Alpine Village" and "Katz Corporation, Trustee re Alpine Village." All correspondence was signed "Robert A. Katz, President and Chief Executive Officer." The mere fact that Katz was president and chief executive officer of Katz Corporation does not permit an inference that simply because the corporation owed a fiduciary duty to the plaintiffs, Katz did as well.[5] Accordingly, we conclude that the court's finding that Katz stood in a fiduciary relationship to the plaintiffs, since it was not supported by the evidence, was clearly erroneous. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Therefore, the conclusion that Katz was personally liable cannot stand.

There is error only as to the judgment against the defendant Robert A. Katz, the judgment as to him is set aside and the case is remanded with direction to render judgment in his favor.

In this opinion BIELUCH, J., concurred.

COVELLO, J. (dissenting). I respectfully disagree with the majority. There was evidence that Katz continued

---

[5] We note that there was neither an allegation nor proof that Katz Corporation was the "alter ego" of Katz which would allow the court to pierce the corporate veil and to hold the latter personally liable. See *Zaist* v. *Olson,* 154 Conn. 563, 575, 227 A.2d 552 (1967).

to accept and negotiate the plaintiffs' checks after he became aware that the objectives of the original venture were not to be accomplished. This misappropriation of the plaintiffs' investment constitutes a conversion. An officer of a corporation who commits or participates in the commission of a tort, whether or not he acts on behalf of the corporation, is liable to third persons injured thereby. *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 404, 363 A.2d 160 (1975). I would, therefore, find the defendant Robert A. Katz personally liable.