[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The fourth count of the complaint alleges the following: On or about October 20, 1988, the plaintiff Richard Perrigo purchased a 1985 Dodge Charger from the defendant Hallmark Chevrolet-Buick, Inc. The plaintiff soon began to experience persistent mechanical problems with this automobile. In February of 1989 the plaintiff contacted the defendant with regard to these problems and spoke to the defendant Fred Alkas. Alkas suggested that the plaintiff trade his 1985 Dodge Charger for an automobile of comparable cost. The plaintiff alleges that to induce a trade of his automobile for another vehicle the defendant Alkas made misrepresentations and the plaintiff relied on these misrepresentations to his loss and detriment. The plaintiff further contends that the acts, advice, and assurances of the defendant Alkas, his special knowledge and position and the plaintiff's young age created a fiduciary relationship between the plaintiff and Alkas. The plaintiff alleges that Alkas breached his fiduciary duty by making the aforementioned misrepresentations to the plaintiff. CT Page 2964
The defendant has moved to strike the fourth count of the plaintiff's complaint on the grounds that the plaintiff cannot claim a breach of a fiduciary duty since no fiduciary relationship existed between the parties. A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 109
(1985). The motion admits all facts well-pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Id. at 109 (emphasis in original).
A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties. Dunham v. Dunham, 204 Conn. 303, 322 (1987). It is a relationship where one party is under a duty to represent the interests of the other party. Id. at 322; See also Albom v. Katz Corporation, 39 Conn. Sup. 533,535-36 (1983). Where a relationship is solely of a business nature it cannot be said to be a fiduciary or confidential relationship. State v. Bull Investment Group, Inc., 32 Conn. Sup. 279, 288 (1974). The relationship in this case was simply that of a seller to a buyer. The plaintiff has nowhere alleged facts sufficient to demonstrate that one party was obligated to represent the interests of the other party. Therefore, no fiduciary relationship exists under the facts as plead.
Accordingly, the motion to strike is granted.
McDONALD, J.