[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF DEFENDANT HARTFORD COURANT'S MOTION FOR SUMMARY JUDGMENT
This is a contract action for the costs of improvements that the plaintiff claims it made for the benefit of the Hartford Courant (Courant) in the amount of $46,446.75. The claim against the Courant is in three counts. Count one is for breach of an oral contract. Count two is for unjust enrichment. Count three is for fraudulent misrepresentation.
The facts as recited by the Courant are as follows, The plaintiff, Sol J. Cohen (Cohen), is the assignee of the rights of S.J.C. Corporation. Cohen owned certain commercial property on 116-118 Main Street, New Britain, Connecticut. The Courant was interested in leasing the premises for a five year term, but only if Cohen made certain improvements to the premises.
During the time Cohen was negotiating a lease with the Courant, Cohen sold the premises to the defendants Michael K. Patenaude (Patenaude) and Anthony F. DiFabio (DiFabio). Cohen had made certain improvements to the premises to be used in the Courant lease prior to the sale to Patenaude and DiFabio. Following the sale of the property, Patenaude and DiFabio negotiated and entered into a lease with the Courant.
The Courant's documentation attached to its memorandum in support of the present motion contains a photocopy of an agreement between Cohen, Patenaude and DiFabio which recited that the amount of $46,446.75 was incurred for leasehold improvements to the premises to be leased to the Courant. The agreement further provided that the lease to the Courant shall provide for the repayment of the amount over a five year period at a monthly installment rate of $774.12. The agreement was executed on the date of the sale from Cohen to Patenaude and DiFabio. However, the written lease between Patenaude and DiFabio and the Courant made no mention of reference to this agreement.
The Courant claims that it never agreed to the cost or type of improvements made to the leased premises. The Courant further claims that the cost of improvements was included CT Page 4740 within the purchase price of the property sold to Patenaude and DiFabio. The Courant stands on its lease with Patenaude and DiFabio that it did not include the improvement costs and that these costs were unfair.
The defendant Courant raises the defense of the Statute of Frauds, Conn. Gen. Stat. sec. 52-550 (a) that the agreement must be in writing. Conn. Gen. Stat. sec. 52-550(a)(4).
The plaintiff counters in his memorandum in opposition to the summary judgment motion that the facts stated by the Courant are disputed and are not always relevant. The plaintiff claims that where there is part performance of an oral contract, the Statute of Frauds is not relevant. The plaintiff further claims that the facts in this case will support its claim for unjust enrichment, and that there was no waiver in the plaintiff selling the premises to Patenaude and DiFabio without providing for payment in the lease.
There are many factual issues to be determined in this case before reaching the issue of whether or not the plaintiff is entitled to a decision on the legal claims such as, whether or not there was an agreement providing for the payment of the improvements intended to be part of the lease between Cohen and Patenaude and DiFabio, whether or not there was part performance by the plaintiff on the oral contract to avoid the pitfalls of the Statute of Frauds.
The affidavits by Cohen and Patenaude allege conflicting facts.
The test for granting summary judgment is whether or not the moving party would be entitled to a judgment on the same facts. Wilson v. New Haven, 213 Conn. 277, 279-80 (1989). Where genuine issues of material fact exist, as in this case, it would be inappropriate to decide the issues of law. McColl v. Pataky, 160 Conn. 457, 459 (1971).
Accordingly, the defendant Hartford Courant's motion for summary judgment is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT