[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (NO. 115)
The issue before the court is whether or not the plaintiff's cause of action is barred by the statute of limitations. The plaintiff, Marie Dawkins, filed a one count complaint on October 4, 1989 against the defendant, First National Supermarkets, Inc. The complaint sounds in negligence.
Plaintiff alleges that on September 5, 1987, she was a patron of defendant's store and that on said date she was caused to slip and fall on grapes and/or a puddle of water. Plaintiff alleges that she sustained injuries caused by the carelessness and negligence of the defendant.
On April 5, 1990, defendant filed an answer and special defenses. In the special defenses defendant alleges contributory negligence and the statute of limitations. On April 16, 1990, the plaintiff filed a reply to defendant's special defenses, closing the pleadings. Connecticut Practice Book 379.
On November 8, 1991, defendant filed a motion for summary judgment, a memorandum in support, and the deposition of the plaintiff. Defendant's basis for summary judgment is that the action is barred by the statute of limitations.
On November 15, 1991, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment. The plaintiff asserts that the action was commenced in a timely manner. The plaintiff further asserts that a question of fact remains as to when plaintiff suffered "actionable harm."
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." State v. Goggin, 208 Conn. 606, 615,546 A.2d 250 (1988) (citation omitted). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id., 616. "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky,160 Conn. 457, 459, 280 A.2d 146 (1971) (citations omitted).
The defendant asserts that this action was brought CT Page 686 subsequent to the expiration of the limitations period as set forth in Connecticut General Statutes 52-584. The defendant states it was served, the writ/summons and complaint on September 29, 1989, twenty-four days after the two year statute of limitations had run.
The defendant also asserts that the plaintiff discovered or, in the exercise of reasonable care, should have discovered her injuries on September 5, 1987, the date of the accident. Furthermore, defendant asserts that plaintiff admitted in her deposition that she was aware that she sustained injuries when she fell on September 5, 1987, at the defendant's premises. Therefore, defendant asserts that it is entitled to judgment as a matter of law because there is no triable issue of fact.
Plaintiff counters that she did not have an injury as contemplated by Connecticut General Statutes 52-584 until some time between October 1, 1987, and October 15, 1987. Plaintiff states it was at this point when she discovered the alleged causal relationship between defendant's negligence and her injury. The plaintiff also argues that the determination as to when she suffered "actionable harm" is a question of fact. Furthermore, plaintiff asserts that on October 1, 1987, she did not tell her doctor that she fell on defendant's premises, which shows that she did not realize she had hurt herself.
Connecticut General Statutes 52-584 states in pertinent part:
 No action to recover damages for injury to the person. . .caused by negligence, or by reckless or wanton misconduct, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . .
Under Connecticut General Statutes 52-584, ". . .an injury occurs when a party suffers some form of `actionable harm.' The harm need not have reached its fullest manifestation before the statute begins to run." Burns v. Hartford Hospital,192 Conn. 451, 460, 472 A.2d 1257 (1984). The necessary elements for "actionable harm" are: (1) a breach of duty by the defendant; and (2) a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff. Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986). "The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." Lambert v. Storell, 205 Conn. 1,6, 529 A.2d 710 (1987). CT Page 687
Plaintiff argues that "actionable harm" is a question of fact and, therefore, not proper for summary judgment. Plaintiff relies on Catz v. Rubenstein, supra, 49, for this proposition. Catz, however, is a medical malpractice suit for failure to diagnose and treat breast cancer. The plaintiffs' decedent in Catz was originally told in 1979 by her doctor that she did not have cancer. In 1980, however, a malignant tumor was removed from her breast and she died of cancer in 1984. The plaintiffs alleged that the decedent did not realize that the first doctor misdiagnosed her until some time after the surgery.
In the case before this court the plaintiff admitted in her deposition that she felt pain the day she fell in defendant's store. The plaintiff further stated in her deposition that she felt pain on the day of the accident which came from injuries allegedly caused by the accident.[1] The plaintiff also states in her deposition that she injured her neck, arm and thigh and that the neck injury was a new injury It is clear that the plaintiff herein did not need a doctor to tell her she was injured on the day of the accident.
It is clear that "actionable harm" is not a question of fact in this case. In Gage v. City of Hartford, 5 CTLR 99, 100 (October 28, 1991, Aronson, J.), plaintiff brought an action in negligence arising out of a slip and fall. Plaintiff claimed resulting injuries to her left knee as a result of her original injuries to her right knee. Plaintiff alleges that she was not aware of the injury to her left knee until five months later. Defendant moved for summary judgment on the grounds the action was barred by the statute of limitations. Plaintiff claimed issues of fact remain as to when she knew or reasonably should have known of the injury to the left knee. The court held that the "actionable harm" caused to plaintiff occurred when she fell on defendant's property and granted defendant's motion for summary judgment. Id.
It is found that plaintiff knew on September 5, 1987 of the causal connection between her injuries and the defendant's alleged breach of duty in negligently maintaining the store's floor. Therefore, it is found that the plaintiff sustained an "actionable harm" on September 5, 1987. It is also found that the statute of limitations bars plaintiff's cause of action because the defendant was served more than two years later. Therefore, the defendant's motion for summary judgment is granted.
W. JOSEPH McGRATH, JUDGE