[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of motion for summary judgment dated January 27, 1992, the defendant Charles Pakulis, d/b/a claims that the within action is barred by the statute of limitations, and further that said defendant neither designed, manufactured, altered, possessed nor controlled the tractor which is the subject of this action and moves for a summary judgment, and submits therewith the following affidavits and other documentary proof.
 1. Section 52-577a. (a), Connecticut General Statutes
 2. Certified copy Department of Transportation purchase order A 46737, October 3, 1978 for one (1) John Deere model 301-A tractor
 3. Certified copy vendor's invoice, February 23, 1979 with requisition number 97977, from Pakulis Equipment Company for sale and delivery of above tractor
 4. Certified copy sales slip for tractor number 291003 with attachments, sold and delivered CT Page 1493 under order A 46737
 5. Certified copy delivery acknowledgement H 87152 for delivery to and acceptance by Department of Transportation February 23, 1979 of above tractor, attachments and manuals
 6. Certified copy new motor vehicle inspection report, Department of Transportation
7. Affidavit of Charles Pakulis, July 24, 1991
 8. Affidavit of James E. Lewis, Jr., D.O.T., January 10, 1992
 9. Certified copy complete goods invoice from John Deere, October 26, 1978 for 301-A tractor, serial #2391003
 10. State Police vehicle damage record, August 8, 1986
 11. Pleadings on file with court, including complaint and return of service of process
12. Memorandum, July 10, 1991
ISSUE
Should defendants motion for summary judgment be granted on the ground that the plaintiff's action is barred by the statute of limitations set out in Conn. General Statutes Sec. 52-577a?
FACTS
The plaintiff, Joseph Perruccio, as administrator of the estate of Gerald Perruccio, instituted this product liability action against the defendant Charles Pakulis, d/b/a Pakulis Equipment Company (Pakulis) on June 17, 1989.
The plaintiff's two-count complaint dated June 13, 1989, contains the following allegations. On or about February 23, 1979, the State of Connecticut purchased a John Deere Tractor Model 301-A from the defendant Pakulis. On or about August 7, 1986, the plaintiff's decedent was employed by the Connecticut Department of Transportation and was using the subject tractor in the scope of his employment, when, without warning, it struck CT Page 1494 the plaintiff's decedent thereby causing him fatal injuries. The plaintiff further alleges in his complaint that the defendant is liable for the plaintiff's decedent's injuries pursuant to Conn. General Statutes Sec. 52-572, et. seq., for reasons more fully set forth in the complaint.
On February 13, 1990, the defendant filed an answer and special defenses to the plaintiff's complaint. On February 22, 1990, the plaintiff replied to the defendant's special defenses, thereby closing the pleadings between the parties.
On April 23, 1990, the defendant filed a motion for summary judgment (#115) based in part on his special defense that the action is barred by the statute of limitations in Conn. General Statutes Sec. 52-577a because the action was not brought within ten years from the date the defendant last parted with possession and control of the tractor. The defendant filed a memorandum of law and various documents in support of his motion. The plaintiff filed a memorandum of law and a photocopy of one page of a deposition conducted on April 3, 1990.
By written memorandum of decision dated, July 3, 1990, the court, Edelberg, STR, denied the defendant's motion for summary judgment on the ground that genuine issues of material fact remained as to the date the defendant gave up possession and control of the tractor "and hence the date the statute of limitations began to run." In reaching this conclusion the court relied on the portion of the defendant's deposition in which he testified that he serviced the products regularly, "whether or not there was a reported problem and that, "after the first year you only service them as they call you."
This is the defendants second motion for summary judgment now before this court, again based on his special defense that the action is barred by the statute of limitations set forth in Conn. General Statutes Sec. 52-577a. The defendant has filed a memorandum of law and other documents including the affidavits of the defendant and James E. Lewis, Jr., the Equipment Reparis Supervisor for the Department of Transportation. The plaintiff has not filed an opposing memorandum of law or counter affidavits or other documents.
DISCUSSION
 The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be involved where a matter has previously been CT Page 1495 ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . .
Breen v. Phelps 186 Conn. 86, 99 (1982) (citations omitted).
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book Sec. 384;. . ." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky, 160 Conn. 457, 459 (1971).
In the affidavits of the defendant and James E. Lewis, Jr., both affiants state that their respective business records indicate that the defendant never serviced the tractor in question after March 6, 1979. The defendant therefore maintains in his memorandum of law in support of his pending motion for summary judgment that "while (these affidavits) may conflict in part with (the defendant's) testimony given at the deposition, nonetheless there are no records of such service, let alone evidence of a service contract."
The Statute of Limitations provides (in part):" . . . no such action may be brought against any party. . . later than ten years from the date that the party last parted with possession or control of the product."
Section 52-577a., Conn. General Statutes
Defendant's affidavit states that he did not service the machine and that there are no records of such service after the machine was delivered to the Department of Transportation. While this may conflict in part with testimony given at a deposition, nonetheless there are no records of such service, let alone evidence of a service contract.
Even if there were such service calls, to interpret them as "placing control in the defendant `would stretch the English language to the breaking point'".
Daily v. New Britain Machine Co., 200 Conn. 562, 569 (1986). CT Page 1496
In Daily, there were five service calls prior to the date of injury, together with a courtesy call to prepare a safety check list. Id. at 564.
As in Daily, the defendant Pakulis had no power to influence what hours the tractor would be run, what maintenance would be performed or who would service or operate the machine. Id. at 568.
The court in Daily went on to characterize the plaintiff's attempt to characterize the last service call and the courtesy check as placing defendant in either possession or control as "fanciful at best". Id. at 569.
The court later used the definitions of "possession" and "control" as they appear in Webster's Third New International Dictionary to sustain the finding in Daily.
Kelemen v. Rimrock Corporation, 207 Conn. 599, 603-605
(1988).
The court in Kelemen made it clear that even where the seller placed the machine in the possession of a carrier, much less in the possession of the buyer, it had parted with "possession or control" within the meaning of Section 52-577a(a). Id. at 608.
There is no dispute that decedent was acting in the course of his employment, so that the exception of Section 52-577a(d) of the statutes is applicable. Neither has plaintiff claimed any of the other exceptions of the statute of response.
The court, Edelberg, S.T.R. at the time of issuing its memorandum of decision (July 3, 1990) did not have the benefit of the affidavit of James E. Lewis, Jr. dated January 10, 1992. Lewis is the Equipment Repairs Supervisor for the State of Connecticut, Department of Transportation.
In his affidavit he sets forth a chronology of events supported by the affidavits offered by the defendant. In his affidavit #9 he indicates that there is no record in his office that the defendant ever serviced the subject tractor or any attachment thereto after March 6, 1979 and in #10 that there is no record in his office of any service contract. As the purchaser of the tractor there could be no more authoritative source.
This would clearly be a new or overriding circumstance. In addition the affidavit of the defendant Pakulis dated July 24, 1991 provides additional information not earlier available to Edelberg, S.T.R. CT Page 1497
Since the defendant Pakulis parted with possession and control more than 10 years prior to the service of process by which the action was initiated the claim is barred and summary judgment may enter for the defendant. It is so ordered.
AUSTIN, J.
Judgment entered in accordance with the foregoing Memorandum of Decision Michael Kokoszka, Clerk