[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff Dolores Bonitatebus was employed by the defendant Bridgeport Hospital as a transportation aide. In January of 1993, she was terminated from her employment. She alleges in her complaint that her termination breached the terms of her contract of employment with the defendant. The terms of the contract are contained, she alleges, in a document entitled "A CT Page 2871 Handbook for Employees of Bridgeport Hospital."
The defendant has filed a Motion for Summary Judgment on the grounds that the Handbook cannot be read as a matter of law to be a contract of any sort and, for that reason, the plaintiff was an at-will employee of the defendant who was subject to be terminated for any reason that did not otherwise contravene the law or public policy. In support of its motion, the defendant has submitted the Handbook and has filed a memorandum in support of its motion, highlighting various parts of the language in the book that bolsters its position.
The plaintiff opposes summary judgment, arguing that whether the Handbook constitutes a contract reciting the terms of employment is an issue of fact for the trier to decide. The plaintiff also relies upon the language in the Handbook in her attempt to portray the document as a contract that recites the employer's duty to the employee. She has also filed an affidavit in which she states that, under the circumstances in which she was hired and presented with the Handbook, she was led to believe that it was "an agreement" and she relied upon it as such.
In determining whether a motion for summary judgment should be granted, it is not necessary to resolve disputed issues of fact, but merely to determine if a genuine issue of material fact exists. United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364,377 (1969); Associates Discount Corporation v. Smith's Lincoln Mercury Sales, Inc., 153 Conn. 176, 180 (1965). Here the issue of fact is whether the Handbook constitutes an agreement between the parties as to certain terms and conditions of employment. The case of Finley v. Aetna Life Casualty Co., 202 Conn. 190 (1987), involved just such an issue. In that case, the court held that the relevant statements in the defendant Aetna's personnel manual certainly could have been interpreted as noncontractual, but that "the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Id., at 199 (internal quotation marks and citations omitted).
While it is probably rare that such a handbook or personnel manual constitutes a contract, the question of whether it does so is a question of fact. There is no definitive disclaimer in the Bridgeport Hospital Handbook that negates its being construed as such. See Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199
(1987), n. 5. CT Page 2872
The Defendant's Motion for Summary Judgment is denied.
PATTY JENKINS PITTMAN, JUDGE