[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit arises out of allegations that defendant, Coopers Lybrand, performed accounting services which resulted in defendant's breach of fiduciary duty (count one) and fraud by concealment by defendant (count two). Defendant has filed the instant motion to strike counts one and two of the complaint, and, alternatively, for summary judgment. Defendant argues that both counts are legally insufficient because plaintiffs have failed to join a necessary party as CT Page 3713 plaintiff, have failed to allege facts that establish that defendant owed them a fiduciary duty in support of count one, or that defendant owed plaintiffs any sort of duty to support count two of the complaint. Additionally, defendant contends that since there are no genuine issues of material fact, it is entitled to judgment as a matter of law.
Having considered the entire record of this case, including the pleadings and arguments of counsel, the Court finds that the complaint is legally sufficient and that there exists a genuine issue of material fact to be resolved by the finder of fact. Accordingly, for the reasons which follow, defendant's motions to strike counts one and two and for summary judgment are denied.
FACTS
The plaintiffs in this action are Elizabeth Gengras and South Main Street Associates III (SMSA). The defendant is Coopers and Lybrand an accounting firm, and J. Martin Hennessey. SMSA is a limited partnership with John J. Lapore as the managing general partner and plaintiff Gengras as a limited partner and majority holder. Hennessey is the general partner of Mitchell School Limited Partnership (MSLP). Plaintiff SMSA is a limited partner of MSLP. On October 12, 1992, plaintiffs filed a two count complaint against the defendant which is centered around the accounting services that defendant provided to MSLP.
As alleged in the complaint, Hennessey, in his capacity as general partner, engaged the defendant sometime in 1987 to provide accounting services for MSLP and for Hennessey personally, for years prior to and including 1987. The defendant continued to provide services to MSLP until 1991. In count one, the plaintiffs allege, inter alia, that the defendant owed plaintiffs, as the limited partner of MSLP, a fiduciary duty by undertaking to prepare tax returns for MSLP and in later conducting an audit of MSLP. Plaintiffs further allege that defendant breached the duty by, inter alia, failing to disclose to plaintiffs that both John Lapore and Hennessey were breaching their respective fiduciary duties to the plaintiffs. Plaintiffs also allege that the fiduciary duty was breached by defendant in that defendant allegedly helped to draft a limited partnership agreement for MSLP in such a way as to conceal the frauds that Lapore and Hennessey CT Page 3714 were committing in derogation of plaintiffs' interests.
The plaintiffs contend that the defendant knew that SMSA was the limited partner of MSLP and knew that Gengras was the principal owner of SMSA when defendant performed services for MSLP. In the course of performing its services, defendant allegedly became aware of irregular and suspicious activity on the part of Hennessey, the general partner of MSLP, and Lapore, the general partner of SMSA. Plaintiffs also allege that the defendant was aware that money originally invested by Gengras in MSLP was ultimately being diverted by Hennessey to Lapore.
Plaintiffs SMSA and Gengras allege that the defendant owed a fiduciary duty to the plaintiffs and that the duty was breached (1) when the defendant failed to disclose to plaintiffs the fraudulent activities of Hennessey and Lapore; (2) when the defendant assisted in the drafting of a limited partnership agreement which masked the activities of Hennessey and Lapore; and (3) when defendant continued in its undertaking to prepare the tax returns of MSLP and conducting an audit of MSLP.
In the second count plaintiffs allege, inter alia, that when defendant undertook to prepare the tax returns of MSLP, and to later conduct an audit of MSLP, the defendants assumed a duty to disclose to the plaintiffs all material information discovered. Plaintiffs allege that since the defendant knew of the fraudulent activities of Hennessey and Lapore and assisted in disguising the fact that Hennessey and Lapore were committing the frauds, the defendant breached its duty to disclose this information to plaintiffs. According to plaintiffs, the defendant's failure to notify plaintiffs of these actions constitutes fraud by concealment.
DISCUSSION
A. Motion to Strike Count One
A motion to strike tests the legal sufficiency of a pleading. Connecticut Practice Book (C.P.B.) 152. In moving to strike, the moving party admits all well pleaded facts, and the facts as alleged cannot be attacked by facts outside of the complaint. Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719, 443 A.2d 922 (1982). When a party moves CT Page 3715 to strike an entire pleading, if any part of the pleading is viable, the motion must fail. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127, 414 A.2d 204 (1980). In considering a motion to strike, the court must construe the facts as alleged in a light most favorable to the non-moving party. Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980).
In moving to strike plaintiffs' complaint, the defendant argues that the two causes of action alleged are legally insufficient in that (1) plaintiffs failed to join a necessary party as plaintiff to this action; (2) failed to allege facts that establish that defendant owed any fiduciary duty to the plaintiffs in support of the first count of their complaint alleging breach of fiduciary duty; and (3) failed to allege facts that establish that defendant owed any fiduciary duties to the plaintiffs in support of the second count of their complaint alleging fraudulent concealment. The Court will consider defendant's claims ad seriatim.
1. Non-joinder of necessary party
Defendant contends that the complaint must be stricken in its entirety because plaintiffs failed to name a dispensable party, to wit, John J. Lapore, as a plaintiff. Alternatively, defendant argues that plaintiff SMSA should be required to join Lapore to this action and that Mrs. Gengras should be dropped as a plaintiff. However, defendant has made no showing that Lapore is an indispensable party to this lawsuit, where the complaint alleges that defendant breached a fiduciary duty to SMSA and Mrs. Gengras and that defendant breach a duty to these same parties by failing to disclose to them Henessey's [Hennessey's] and Lapore's fraudulent activities.
Moreover, defendant's contention to the contrary notwithstanding, C.G.S. 52-76 and 52-112 do not require that Mrs. Gengras be deleted as a plaintiff. Accordingly, defendant's motion to strike on these grounds is denied.
2. Fiduciary Duties
In count one of the complaint, plaintiffs allege that the defendant owed them a fiduciary duty, which defendant breached by failing to disclose the frauds perpetrated by Hennessey and Lapore. Defendant argues that the count must be stricken because the complaint does not allege any relationship whereby CT Page 3716 plaintiffs placed their trust and confidence in defendant and by which defendant had a resulting superiority and influence over plaintiffs' affairs. Defendant hinges its argument on the theory that only Hennessey and MSLP were "clients" of defendant, not plaintiffs. The defendant argues that, as a matter of law, accountants, such as defendant, owe no fiduciary duties to non-client third parties. Defendant contends that plaintiff are non-client third parties, and therefore, defendant owes them no duties whatsoever.
Plaintiffs, on the other hand, contend that they were "clients" of the defendant in that (1) plaintiff SMSA is a limited partnership with plaintiff Gengras as a limited partner and majority holder; (2) plaintiff SMSA is a limited partner of MSLP; (3) defendant was hired by Hennessey, the general partner of MSLP, to perform services for MSLP; (4) any services performed on behalf of MSLP were necessarily to benefit plaintiffs as well as MSLP and Hennessey; and (5) defendant owed fiduciary duties to plaintiffs because of their status as clients of defendant.
In Connecticut, "[the supreme court] has . . . specifically refused to define `a fiduciary relationship in precise detail and in such a manner as to exclude new situations,' choosing instead to leave `the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other.'" Alaimo v. Royer,188 Conn. 36, 41, 448 A.2d 207 (1982) (citations omitted); Dunham v. Dunham, 204 Conn. 303, 320, 528 A.2d 1123 (1987).
"A fiduciary is `a person holding the character of a trustee, or a character analogous to that of a trustee, in respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires. A person having duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking.'" Albom v. Katz Corporation, 39 Conn. Sup. 533,535-36, 467 A.2d 126 (1983) (citations omitted).
In the present case, therefore, the issue before the Court is whether the complaint alleges facts which reasonably could be found by a trier of fact that plaintiffs were "clients" of the defendant, and that defendant breached a fiduciary duty owed to them. Whether or not fiduciary duties are owed is a question of fact to be determined at trial. CT Page 3717 Dunham, supra. "As a question of fact, the determination of a fiduciary duty is not properly decided on a motion to strike. Winter v. National Mutual Insurance,1 Conn. L. Rptr. 668 (1990).
Moreover, the facts of this case as alleged in the complaint, fall within the Connecticut Supreme Court's concept of a fiduciary duty as being a situation in which there is "justifiable trust confided on one side and a resulting superiority and influence on the other." Alaimo, supra. Accordingly, defendant's motion to strike as to count one is denied.
B. Motion to Strike Count Two
The defendant moves to strike count two of plaintiffs' complaint which alleges fraudulent concealment. Defendant argues that the complaint fails to state a cause of action for fraud by concealment because the complaint does not allege any circumstances imposing upon the defendant a duty to speak. Defendant bases this argument on the same grounds as those cited above in the motion to strike count one: that plaintiff is not a client of defendant and therefore defendant owed no duties to plaintiff whatsoever.
As previously discussed, the complaint alleges and plaintiffs may reasonably be found to be defendant's "clients" and not unknown third parties. Defendant undertook to perform services for MSLP and knew that SMSA and Mrs. Gengras would benefit from those services as well as MSLP and Hennessey. Therefore the Court finds that there is a sufficient relationship between the plaintiffs and defendant to impose upon defendant the duty to speak. Accordingly, defendant's motion to strike count two is denied.
C. Summary Judgment
The defendant moves for summary judgment claiming that there are no genuine issues of material fact relevant to the issue of duty, and that, as a matter of law, the defendant owed no fiduciary duties and no duty of disclosure to the plaintiffs.
The Connecticut Practice Book provides that summary judgment "shall be rendered forthwith if the pleadings, CT Page 3718 affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." C.P.B. 384; see, Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993). Plainly stated, "[t]he motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "A `genuine' issue has been vicariously described as a `triable,' `substantial' or real issues of fact . . . and has been defined as one which can be maintained by substantial evidence. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 378, 260 A.2d 596 (1969) (citations omitted). A "material fact" is "a fact which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (internal quotation omitted). In passing on a motion for summary judgment, the trial court is simply to decide whether a material issue of fact exists, not to try that issue. McColl v. Pataky, 160 Conn. 457, 459, 280 A.2d 146 (1971); Cortes v. Cotton, 31 Conn. App. 569, 575, 626 A.2d 1306
(1993).
As stated above, there is at least a genuine issue of material fact as to whether defendant owed duties to plaintiffs. Though the issue has never been addressed by Connecticut courts, other state's courts have touched on the issue of accountant/client relationships. For instance, in New York it has been held that "[t]he services of the accountant were not extended to a faceless or unresolved class of persons, but rather to a known group possessed of vested rights, marked by a definable limit and made up of certain components." Ultramares Corp. v. Touche, 255 N.Y. 170,174 N.E. 441. Additionally, in Virginia the court stated that "[a]lthough we have not passed on the question, there is no reason that, depending on the facts, an accountant may not be held to be a fiduciary, and courts in other jurisdictions have so held." Allen Realty Corp. v. Holbert, 318 S.E.2d 592, 595
(Va. 1984).
Since in the instant case there are issues of material fact concerning the duties that defendant may or may not have owed to the plaintiffs, defendant is not entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is denied. CT Page 3719
CONCLUSION
In light of the foregoing, the Court finds that plaintiffs' complaint is legally sufficient as to both counts in that plaintiffs are proper parties to this lawsuit. Additionally, the Court finds that plaintiffs' complaint alleges sufficient facts to set forth the claims of breach of a fiduciary duty and fraud by concealment. Whether defendant owed plaintiffs a duty to disclose the fraudulent activities of Hennessey and Lapore is a question of fact to be resolved at trial. Accordingly, defendant's motion to strike counts one and two of the complaint is hereby denied.
Moreover, since there exists a genuine issue as to whether defendant owed plaintiffs a fiduciary duty and a duty to disclose the activities of Hennessey and Lapore, defendant is not entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is hereby denied.
IT IS SO ORDERED.
Dated at Hartford, CT, this 31 day of March, 1994.
BY THE COURT,
C. Espinosa, J.