[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON LEVESQUE MOTION FOR SUMMARY JUDGMENTON COUNTERCLAIM
It is no doubt true that parties have a right to a jury trial and that if a genuine issue of material fact exists a court cannot grant a motion for summary judgment because it would deprive a party of that right, McWell v.Pataky, 160 Conn. 457, 459 (1971). This is true no matter how strong or weak the court believes the claims of the parties to be. This motion for summary judgment is brought by the defendants on their counterclaim after the court granted several motions for summary judgment in behalf of several defendants.
Frankly I cannot say with absolute assurance that no issue of material fact exists in this case. I agree that the memorandum and affidavit filed by Ms. Kaplan are filled with speculation and hearsay and completely ignore the Levesque affidavit which the court can rely upon for direct assertion of fact despite the plaintiff's claim that somehow there are issues of fact the defendants have not established or resolved.
However I have real question that material issues of fact remain as to paragraphs 3 and 7 of the counterclaim. In paragraph 3 there is broad reference to inducement and a court should be reluctant to grant a summary judgment motion where questions of intent or motive are involved. CT Page 1199
As to paragraph 7 the Levesques admit they knew a declaration of restrictive covenants was on the land and inquired about it at the closing. They claim they were assured "everything had been taken care of" (also see paragraph of March 10, 1994 Levesque affidavit). The vague reference to some general assurance leads the court to have concern over what ramifications this knowledge on the part of the Levesques might have on their claim.
These concerns had no bearing on the previous granting of the defendants' motions for summary judgment since those motions had nothing to do with whether or not the court would conclude the defendants should prevail on their counterclaim.
The motion for summary judgment on the counterclaim is denied.
Corradino, J.