## SHERMAN KASOWITZ ET AL. *v.* THE MUTUAL CONSTRUCTION COMPANY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 7, 1966—decided March 9, 1967

*Edward B. Winnick,* for the appellant (named plaintiff).

*William L. Hadden, Jr.,* with whom, on the brief, was *Thomas J. Corradino,* for the appellee (defendant).

RYAN, J. This is a negligence action wherein the named plaintiff seeks to recover damages for personal injuries. The trial court granted the defendant's motion for summary judgment, and the question before this court is whether the action of the trial court was correct.

The complaint alleged the following facts: On April 11, 1960, the named plaintiff, hereinafter called the plaintiff, was employed by the New Haven Glass Company as a glazier and was engaged in installing glass windows in a building which was being constructed on premises owned by St. Stanislaus Church in New Haven. At the premises, the defendant had constructed and maintained a staging for use in the construction. The staging was at all times in the control of the defendant, its agents or servants. While the plaintiff was performing this work, he was caused to strike a plank of the staging, bringing about the injuries complained of.

With the exception of the claims of injury, the defendant admitted all of the above allegations in its answer. The defendant also filed three special defenses. The third special defense is the only one with which we are concerned. It is alleged therein that, at the time of the accident described in the complaint, the plaintiff was an employee of the defendant under the terms of the Workmen's Compensation Act. The plaintiff's reply denied the allegations of this special defense. The defendant then moved for summary judgment, claiming that the action was barred by the Workmen's Compensation Act because the defendant, under the provisions of that act, was a principal employer of the plaintiff, whose remedy for the injuries sustained was confined to workmen's compensation.

The defendant submitted various affidavits with the motion, setting forth the following facts: Prior to the date of the plaintiff's injury, the defendant had been engaged for many years in the general construction business, with primary emphasis on the construction of large buildings. In November, 1959, the defendant entered into a contract with St. Stanislaus Church to construct a ten-room convent to be located on the property of the church. This contract required the defendant to complete the construction of the convent in all respects, including the glass work. The defendant, as a general contractor, entered into various subcontracts with others for the plumbing, electrical work, excavation, and glass work. A contract was entered into with the New Haven Glass Company under the terms of which that company was to furnish all the material and labor necessary to complete the glass and glazing requirements of the convent in accordance with the plans and specifications. (A copy of the contract

was attached to and made a part of the affidavit.) When progress in the construction of the building reached the proper point, the defendant's foreman on the job called the office of the New Haven Glass Company, instructing the company to go forward with the installation of the glass. Thereafter, the employees of the subcontractor proceeded with the required work. A staging or scaffolding had been erected at one end of the building by the defendant. The plaintiff, a glazier employed by the New Haven Glass Company, was working on the job of carrying out the subcontract on the premises upon which the convent was being constructed, and his injuries were sustained in the course of his employment by the subcontractor.

The plaintiff filed an affidavit in which he denied that the premises were under the control of the defendant and alleged that the premises were not owned by the defendant but by St. Stanislaus Church, the defendant had no control over him as an employee, the New Haven Glass Company was an independent contractor, and the installation of the glass was not part or process in the trade or business of the defendant.

The trial court granted the defendant's motion for summary judgment, holding that the defendant is a principal employer under the provisions of what is now § 31-291 of the General Statutes and that no issue of fact exists with respect to the defendant's third special defense.

"In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135." *Associates Discount Corporation* v. *Smith's Windham*

*Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909. "If it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted. *Rifkin* v. *Safenowitz,* 131 Conn. 411, 416, 40 A.2d 188." *Rathkopf* v. *Pearson,* supra.

The defendant urges that it is the principal employer of the plaintiff in accordance with the provisions of § 31-291. The parties have stipulated that the defendant was subject to the provisions of the Workmen's Compensation Act. Obviously, if the defendant's claim is correct, there can be no recovery by the plaintiff in this action, and his only remedy is under the Workmen's Compensation Act.

" 'The special purpose of . . . [§ 31-291] is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on.' *Bello* v. *Notkins,* 101 Conn. 34, 38, 124 A. 831. The statute contains three conditions: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; (3) the work must be a part or process in the trade or business of the principal employer. *Bown* v. *Waterbury Battery Co.,* 129 Conn. 44, 46, 26 A.2d 467." *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 648, 88 A.2d 372. It is not disputed that the first requirement of the rule is met; it is clear that the relationship of principal employer and contractor existed between the defendant and the New Haven Glass Company.

As to the second requirement, the plaintiff's admissions in the pleadings that the staging was constructed and maintained by the defendant and was at all times under the control of the defendant, the general contractor, and the absence of anything in the plaintiff's affidavit to rebut these admissions should dispose of this as an issue. The plaintiff's affidavit recited that the defendant was not in control of the property and the premises of St. Stanislaus Church upon which the construction work was being performed, but that the control of the property was in St. Stanislaus Church; that the plaintiff's injuries were not sustained upon the premises of the New Haven Glass Company, but were sustained upon premises of the St. Stanislaus Church; and that the premises in question were not owned by the defendant. The allegations that the plaintiff's injuries were not sustained upon the premises of the New Haven Glass Company and that the premises in question were not owned by the defendant are irrelevant. *Crisanti* v. *Cremo Brewing Co.,* 136 Conn. 529, 535, 72 A.2d 655. The statements denying the defendant's control of the premises and claiming that the premises were owned by the church were ineffective to present an issue of fact in view of the admissions in the pleadings. Furthermore, since the plaintiff failed to make any claim in his brief with respect to the second requirement, he must be held to have abandoned it. *Pluhowski* v. *New Haven,* 151 Conn. 337, 345, 197 A.2d 645; *Fleischer* v. *Kregelstein,* 150 Conn. 158, 159, 187 A.2d 241.

The plaintiff claims that the third requirement of the statute, that the work be a part or process in the trade or business of the principal employer, has not been met. In his opposing affidavit, he

simply makes denial by stating that the installation of the glass was not part or process of the trade or business of the defendant. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 300. Obviously, the plaintiff is merely stating a legal conclusion. There is no recital of facts which would be admissible in evidence. There is nothing contained in the affidavit which indicates in any way why the work in question was not part or process in the defendant's trade or business. "It is not enough that one opposing a motion [for a summary judgment] claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." *Boyce* v. *Merchants Fire Ins. Co.*, 204 F. Sup. 311, 314 (D. Conn.).

"[T]he words 'part or process in the trade or business' include all those operations which enter directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, it is a part or process in his business." *Crisanti* v. *Cremo Brewing Co.*, supra, 532; *Gigliotti* v. *United Illuminating Co.*, 151 Conn. 114, 118, 193 A.2d 718; *Grenier* v. *Grenier*, 138 Conn. 569, 571, 87 A.2d 148; *Zimmerman* v. *MacDermid, Inc.*, 130 Conn. 385, 388, 34 A.2d 698; *King* v. *Palmer*,

129 Conn. 636, 30 A.2d 549; *Hoard* v. *Sears Roebuck & Co.,* 122 Conn. 185, 189, 188 A. 269. The statute "in effect extends the definition of employer and employee found in the original Act. *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 122 Atl. 63. In the *Palumbo* case we held that compensation could be recovered from the principal employer when the latter was a building and construction concern and had contracted with an engineering company for the excavation work on a certain job and an employee of the latter was injured while loading a truck in removing loam from the cellar. It is clear enough that this was work which was actually a part or process of the work of a building and construction company. It was work which it was required to do as a part of its business, and which it chose to do by contract rather than by its own men hired for that purpose." *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189, 193, 139 A. 778.

From the defendant's affidavits, it appears that the defendant was the general contractor whose obligation under the contract required it to complete the construction of the convent in all respects, including the glass work. All of this was part of its business. It chose to enter into subcontracts for certain phases of the work, including the glass work, instead of hiring glaziers to do the work at the appropriate time. The work in question was of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business. *Grenier* v. *Grenier,* supra. The plaintiff's only remedy is against the defendant under the provisions of the Workmen's Compensation Act, and the defendant is not liable to suit at common law. The pleadings, the affidavits, and the proof submitted

show that there is no genuine issue as to any material fact, that the parties were fully heard on the law, and that the defendant is entitled to judgment as a matter of law. Practice Book § 303. The granting of the defendant's motion for summary judgment by the trial court cannot be disturbed.

There is no error.

In this opinion the other judges concurred.