In this case, the defendant Cadillac Construction Corporation moves for summary judgment on the ground that it was the employer of the plaintiff and therefore not liable in regard to him in negligence.
The plaintiff was an employee of the Foxon Concrete Corporation, which prepared and delivered concrete to a development of homes being constructed by Cadillac Construction Corporation. While on the premises of the development being constructed by the Cadillac Construction Corporation, the plaintiff was assaulted and injured by a third party, the named defendant.
The issue presented by this motion is a close one in view of the law set forth in Kasowitz v. MutualConstruction Co., 154 Conn. 607. The Cadillac Construction *Page 332 
Corporation urges that it is the principal employer of the plaintiff in accordance with the provisions of § 31-291 of the Workmen's Compensation Act. The statute contains three conditions: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; (3) the work must be a part or process in the trade or business of the principal employer.
The court is satisfied that the first two conditions have been met. The difficulty is with the third condition. The important question presented by this motion is whether the work in question was of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business. In years gone by, concrete was prepared and poured on the site of construction. We doubt that this practice exists today except in rare cases. The plaintiff in a counter affidavit on file states that he merely delivered concrete which was prepared by the Foxon Concrete Corporation at its place of business.
"The function of the trial court, in applying the summary judgment rules, is to determine whether an issue of fact exists, but not to try that issue if it does exist." Dorazio v. M. B. Foster Electric Co.,157 Conn. 226, 228. We think an issue of fact exists in this case, namely, whether the work of preparing and delivering concrete was of such a character that it ordinarily or appropriately would be performed by the Cadillac Construction Corporation's own employees in the prosecution of its business.
 Accordingly, the motion for summary judgment is denied.