**IMPERIAL PRODUCTS CO.**

v.

**EMPLOYMENT SECURITY BOARD OF REVIEW, DEPARTMENT OF EMPLOYMENT SECURITY.**

No. 89–78–M.P.

Supreme Court of Rhode Island.

June 22, 1990.

---

Seth K. Gifford, Robert Fine, Providence, for plaintiff.

William G. Brody, Powers, Harsch & Kinder, Inc., Providence, for defendant.

## OPINION

**WEISBERGER, Justice.**

This case is before the court on a petition for certiorari to review a judgment entered in the District Court affirming the decision of the Employment Security Board of Review requiring Imperial Products Company to make employer-tax contributions under the Rhode Island Employment Security Act. We affirm the decision of the District Court of the Sixth Division. The facts insofar as relevant to this petition are as follows.

The Imperial Products Company (Imperial Products) is closely related to a second company, the Imperial Pearl Company (Imperial Pearl), through common business interests, common ownership of stock, common officers, and many common employees. The two companies utilize a common-paymaster system to compensate the employees who work for both companies. All common employees are initially paid by Imperial Pearl as reporting and disbursing agent through Imperial Pearl's payroll account at Fleet National Bank (Fleet). Under the common-paymaster system, Fleet deducts from Imperial Pearl's payroll account the total amount of wages paid to common employees. Thereafter Imperial Products reimburses Imperial Pearl for the amount of the payroll attributable to work done for Imperial Products.

Imperial Products and Imperial Pearl satisfy State and Federal wage reporting and employment security tax contribution requirements through the common-paymaster system. In its own name only, Imperial Pearl reports all the wages and makes all employee tax contributions for the common employees under the Federal Unemployment Tax Act, (FUTA), 26 U.S.C.A. § 3301 through § 3311 (West 1989) and the Rhode Island Employment Security Act, G.L.1956 (1986 Reenactment) chapters 42 through 44 of title 28 (act). Imperial Products neither reports nor pays Federal or State employment taxes due on wages paid to common employees by Imperial Pearl, even though a portion of the total wages reflects payment for work done for Imperial Products.

An audit conducted by the Department of Employment Security (DES) revealed that the two companies utilized a common-paymaster system. The director of DES found that the common-paymaster system was permitted under FUTA but that this scheme was not authorized by the Rhode Island act. Moreover, the director also noted that use of the common-paymaster system significantly reduced the amount of wages for which employment security tax contributions had to be paid.[1] Consequently the director assessed against Imperial Products the employment-security taxes with respect to wages paid by Imperial Pearl on behalf of Imperial Products but without regard to the common-paymaster system. Imperial Products appealed the director's assessment to the Employment Security Board of Review (board), alleging that the director's decision called for a double taxation of the same wages. The board found that Rhode Island law did not affirmatively authorize use of the common-paymaster system and that the adoption of such a system was a legislative matter.

On appeal from the board's decision under § 28–44–52, a judge of the District Court of the Sixth Division affirmed. The District Court judge found that although FUTA permits companies to utilize a common-paymaster system, there was no Federal mandate that the State of Rhode Island must consent to the use of such a scheme. The judge noted in his decision that he found no authorization to utilize a common-paymaster system under Rhode Island law.

Imperial Product's petition for certiorari resulted in our issuance of a writ to review the record. As the facts are not here in dispute, our review of the case is limited to a determination of whether the conclusions of law made below are correct, that notwithstanding any Federal authority to the contrary, common-paymaster systems are not authorized by the Rhode Island statute.

Section 3306(p) of the Federal Unemployment Tax Act specifically authorizes the use of a common paymaster system:

"[I]f two or more related corporations concurrently employ the same individual and compensate such individual through a *common paymaster* which is one of such corporations, each such corporation shall be considered to have paid as remuneration to such individual only the amounts actually disbursed by it to such individual and shall not be considered to have paid as remuneration to such individual amounts actually disbursed to such individual by another of such corporations." (Emphasis added.)

There is no parallel provision, however, in the Rhode Island Employment Security Act. Section 28–42–3(17) defines wages taxable under the act as follows:

" 'Wages' means all remuneration paid for personal services on or after January 1, 1940, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash, *and all other remuneration which is subject to a tax under a federal law* imposing a tax against which credit may be taken for contributions required to be paid into a state unemployment fund. Gratuities customarily received by an in-

---

**1.** Under the Rhode Island Employment Security Tax Act, taxes are due on the first $13,800 in wages paid by Imperial Pearl to an employee. G.L.1956 (1986 Reenactment). §§ 28–43–7, 28–42–3(17). Thus if Imperial Pearl pays an employee $30,000 in wages, then under the act taxes are to be assessed against the first $13,800 paid of the $30,000.

Compare the above illustration with the dual-employer situation. If Imperial Pearl pays an employee $15,000 in wages, and Imperial Products also pays the same employee $15,000, the total wages are again $30,000. Taxes under the act, however, would be calculated differently.

Both companies must make *separate* tax contributions on the first $13,800 each company paid to the employee. Consequently, taxes are due on a total of $27,600, although the total amount of wages has remained constant at $30,000.

The common-paymaster system would reduce the total amount of wages taxed by allowing one employer, here Imperial Pearl, in a dual-employer situation to report the combined wages paid on behalf of both companies. The unemployment-security taxes are then calculated on the total, not the separate amount of wages, paid by the two employers. In any event taxes would be due on only the first $13,800 of the combined wages.

dividual in the course of his or her employment from persons other than his or her employing unit shall be treated as wages paid by his or her employing unit. The reasonable cash value of remuneration paid in any medium other than cash and the reasonable amount of gratuities, shall be estimated and determined in accordance with rules prescribed by the director * * *." (Emphasis added.)

According to Imperial Products Company's interpretation of this statutory provision, only wages that are taxable under FUTA would be taxable under the Rhode Island act. Imperial Products then points out that under its use of FUTA's common-paymaster system, the reporting and disbursing agent Imperial Pearl, not Imperial Products, is required to report and pay taxes on all wages paid to their common employees. According to petitioner, because it has no FUTA tax liability with regard to wages paid to common employees, Imperial Products should therefore have no taxable wages under § 28–42–3(17).

We find petitioner's argument unpersuasive. A fair interpretation of the statute does not lead to the conclusion that only wages taxable under FUTA are taxable under the act. The definition of taxable wages under the act does not parallel the definition of wages taxable under FUTA. *Compare* § 28–42–3(17) *with* 26 U.S.C.A. § 3306(b). Clearly numerous types of wages are taxed under § 28–42–3(17), including but not limited to those forms of wages taxable under FUTA.

Imperial Products relies on the phrase "and all other remuneration which is subject to a tax under a federal law," as contained in § 28–42–3(17), as necessarily implying State authorization for use of the common-paymaster system. In its brief, Imperial Products concedes that Rhode Island law does not expressly authorize the use of a common-paymaster system, but petitioner maintains that the statute in question creates an implied consent to the scheme "by incorporating in its definition of 'wages' the FUTA concept of remuneration." We are of the opinion that the particular phrase on which Imperial Products relies serves only as a residuary clause. It was clearly meant to incorporate by reference any type of remuneration that is taxable under Federal law but which may otherwise have been inadvertently omitted from the definition of wages in the act. We cannot agree with petitioner's assessment that by definition under the act it has no taxable wages. It strains reason to assert that in what is an otherwise lengthy definition, this single phrase referencing the Federal statute embodies the entire definition of taxable wages under the Rhode Island act and that the remainder is merely surplusage.

Imperial Products alleges that the Rhode Island act denies it the benefits of the common-paymaster system allowed under FUTA. We note, however, that notwithstanding the absence of a common-paymaster system under the Rhode Island act, petitioner is otherwise able to avail itself of all the benefits of the FUTA provisions, but only as they apply to that Federal statute. As this court views the matter, Imperial Products is, in effect, seeking to avoid its state-tax liability under the act by use of a Federal provision relating to FUTA tax liability and the common-paymaster system, as permitted in 26 U.S.C.A. § 3306(p). Even though taxable wages are defined under the act so as to incorporate by reference all remuneration taxable under Federal law, this reference does not thereby incorporate all other provisions of the Federal law. The Federal common-paymaster provision is not part of the definition of the term "remuneration" under the Federal statute but merely constitutes a collateral mechanism of calculating FUTA tax liability. Absent the incorporation of this mechanism into the Rhode Island act, the Federal statute is not controlling on this issue. Moreover, we discern no mandate in the Federal statute that would require the states as a matter of Federal preemption to apply the common-paymaster system as an acceptable mechanism for calculating state employment-security taxes.

We find neither express authorization nor implied consent to the use of the com-

mon-paymaster scheme within the act. Furthermore, had the members of the General Assembly meant to provide for the collection of taxes under the act in precisely the same manner as in FUTA, we are of the opinion that they would have stated so plainly and unequivocally. We are in agreement with the District Court judge and the board that any consideration of the wisdom or necessity of adopting a common-paymaster system or any further adjustments to the Rhode Island act are matters properly dealt with by the Legislature, not by this court.

For the reasons set forth, we find that the District Court committed no errors of law and was correct in its determination that under the act, both Imperial Pearl and Imperial Products must report and make tax contributions on the first $13,800 in wages, regardless of the method in which the payroll is initially disbursed or which party makes the initial disbursement.

The petition for certiorari is denied. The writ heretofore issued is quashed, and the judgment of the District Court is hereby affirmed. The papers in the case may be remanded to the District Court of the Sixth Division with our decision endorsed thereon.