[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (NOS. 313 and 326)
Defendants' motion for summary judgment (docket number 313) and supplemental motion for summary judgment (docket number 326) arise from the matters of Syrbe v. Costa (CV87 0239001 S) and Syrbe v. Burns (CV87 0245826 S), which were consolidated by order of Judge Maiocco on February 13, 1990. In these actions (revised complaints filed on August 15, 1991), Arno Syrbe (plaintiff) seeks damages for injuries sustained in a fall at the Westhill High School gymnasium in Stamford, Connecticut. The plaintiff brings suit against the Stamford Board of Education, the City of Stamford, and two custodians at Westhill CT Page 3433 High School (William Burns and Santo Costa). The plaintiff alleges the following facts in his actions against the foregoing defendants.
On December 30, 1985, the plaintiff was working in the Westhill High School gymnasium as an employee of Gym Door Repairs, Inc. In seeking to repair a movable gymnasium partition, the plaintiff "was required to utilize a scaffolding which was provided by employees and/or agents of the Board of Education, City of Stamford, who were acting under the scope of their employment as custodians for Westhill High School" (Syrbe v. Burns, Complaint, p. 2), and were "either acting on behalf of either the defendant, Board of Education, or the defendant, City of Stamford, or on behalf of both defendants." (Syrbe v. Costa, Complaint, p. 2.)
The plaintiff alleges that the components and maintenance of the scaffolding led to a dangerous condition in that the scaffolding was unstable and unsafe when he used it on December 30, 1985, at approximately 4:12 p. m. Due to its inadequate condition, the scaffolding tipped over, causing the plaintiff to fall to the ground from a height of approximately twenty (20) feet, sustaining serious and extensive injuries. The fall occurred within an area which was within the supervision and control of the defendants and/or their agents or employees.
The plaintiff asserts a claim against the defendants sounding in negligence as well as a nuisance claim against the defendant Board of Education and defendant City of Stamford.
The defendants filed answers and special defenses on February 18 and 20, 1992. The plaintiff filed a reply to the special defenses in Syrbe v. Burns on March 2, 1992 and a reply to the special defenses in Syrbe v. Costa.
The five special defenses are as follows:
(1) that plaintiff was responsible for the accident, and his negligence was the proximate cause of the accident;
(2) that the Board of Education of the City of Stamford as both an agent of the State of Connecticut and as a municipal board enjoys the benefits of governmental immunity;
(3) that the City of Stamford as a municipality is not liable because of the benefits of governmental immunity;
(4) the statute of limitations; and, CT Page 3434
(5) preemption by General Statutes 31-291 (Worker's Compensation).
All defendants filed motions for summary judgment, along with supporting memoranda, on February 21, 1992. Supplemental motions for summary judgment and supporting memoranda were filed on February 27, 1992. Plaintiff filed a memorandum in opposition to the original and supplemental motions for summary judgment on March 9, 1992 (Syrbe v. Burns).
The motions for summary judgment go to all claims against the defendants and are premised on the following grounds:
(1) Worker's Compensation provides the exclusive remedy for the plaintiff and preempts the present claim;
(2) there was no evidence that there was anything wrong with the scaffolding that might have caused the plaintiff's fall;
(3) the defendants owed plaintiff, an employee of an independent contractor, no duty of assistance in the performance of his duties, in the absence of a contractual provision or other factor giving rise to such a duty;
(4) the doctrine of res ipso loquitor is inapplicable; and,
(5) the nuisance claim must fail as plaintiff neither had a property right sufficient to support a claim of private nuisance nor was he in the exercise of a public right sufficient to support a claim of public nuisance.
I. SUMMARY JUDGMENT
A summary judgment may be granted if the pleadings, affidavits, and other proof submitted shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364, 576 A.2d 1212 (1990. "Any ambiuity will be read in favor of the [nonmoving] party." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516, 391 A.2d 157 (1978).
Summary judgment is usually inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation. Spencer v. Good Earth Restaurant, 164 Conn. 194,198, 319 A.2d 403 (1972). CT Page 3435
The trial court's function in a summary judgment proceeding is not to decide issues of material fact but only to make the preliminary determination of whether such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
II. THE PREEMPTION CLAIM
Connecticut General Statutes 31-291 provides that:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on, or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. . . .
The defendants argue that the foregoing statute requires the plaintiff to look to the Board of Education for Worker's Compensation benefits. For this argument to succeed, however, the defendants must show, inter alia, that the work plaintiff did was a "part or process in the trade or business of the principal employer" (assuming, arguendo, that the Board of Education may be described as the "principal employer"). The defendants maintain that the work the plaintiff did in repairing the partition was "part or process in the trade or business" of the Board of Education. Conversely, the plaintiff notes that the work at issue was assigned to him precisely because it could not be done by the Board's custodial staff and, therefore, could never be labeled "part or process in the trade or business" as required by the statute.
"[W]hether the work in which the independent contractor is engaged is a `part or process in the trade or business' of the principal employer is a question of degree and fact." Mancini v. Bureau of Public Works, 167 Conn. 189, 195,335 A.2d 32 (1974) (emphasis added). The words "process in the trade or business" include all the questions which enter directly into the successful performance of the commercial function of the principal employer. Id. at 196. This issue has also been framed in terms of whether the defendant's employees ordinarily or appropriately would perform the work in question. Id. at 196. CT Page 3436
The Mancini decision, supra, indicates that the phrase "process in the trade or business" will generally countenance a question of fact. Other cases also suggest that this determination entails a question of fact. Battistelli v. Connohio, Inc., 138 Conn. 646, 88 A.2d 372 (1952); Grenier v. Grenier, 138 Conn. 569, 571, 87 A.2d 148 (1952); Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 72,504 A.2d 1376 (1986); Forte v. Bossham, 30 Conn. Sup. 330, 332,314 A.2d 433 (1972).
Since the pleadings are in disagreement as to the applicability of the "principal employer defense" and since the issue of whether this defense applies generally entails a question of fact, the court is of the opinion that the defendants' preemption claim must fail at the summary judgment stage.
III. EVIDENCE OF DEFECTS
It is the plaintiff's contention that the scaffolding supplied to him by the school was in defective condition. According to the plaintiff's son's deposition, he states: "I noticed the scaffolding being a little unstable. It seemed [to be] a little wobbly. . . . I could remember my father bitching. . .about. . .something with the scaffolding. . . ." This would constitute some evidence that the scaffolding was defective. Deposition of Robert Syrbe, p. 25. Conversely, the defendants assert that the scaffolding was not in defective condition. Since the burden is on the movant and the evidence must be viewed most favorably to the nonmovant when considering a summary judgment motion, the nonmovant must be given the benefit of all favorable inferences that can be drawn. Catz v. Rubenstein, 201 Conn. 39, 513, A.2d 98 (1986). Inasmuch as the issue of the scaffolding's condition at the time of the accident is in serious question, the issue is not only one of fact but it is also material. Consequently, a motion for summary judgment would be inappropriate.
Inasmuch as the resolution of these two issues is dispositive of the motion, it is unnecessary for the court to address the remaining issues.
For the foregoing reasons, the defendants' motions for summary judgment should and are hereby denied.
BY THE COURT: L. SCOTT MELVILLE, JUDGE CT Page 3437