[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants, Arthur Industries, Inc., and Har-Strom Associates, have moved for summary judgment on the grounds that CT Page 7720 there is no genuine issue as to any material fact. The defendants correctly point out that a party opposing a motion for summary judgment must "present evidence that demonstrates the existence of some disputed factual issue". Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 257 (1984); Kasowitz v. Mutual Construction Co., 154 Conn. 607, 228 A.2d 149
(1967).
The deposition testimony of Mr. Gagne, appended to the plaintiff's Memorandum in Opposition to Motion for Summary Judgment, does constitute some evidence, albeit thin, that the air conditioning unit in question ignited the gas which led to the injuries of the plaintiff, Steven R. Curtis. That testimony also presents some evidence that Curtis was on the defendants' property with their knowledge, which could give Curtis the status of business visitor, one type of "invitee."
The parties do not dispute the proximity of the gas meter to the air conditioning unit on the defendants' property. However, they do dispute whether the defendants had a duty to move the air conditioning unit because the placement of the unit created a reasonably foreseeable risk of injury to those on the defendants' premises.
Based on the evidence presented in connection with the Motion for Summary Judgment, it appears that the plaintiff's employer, CLP, was responsible for creating the allegedly hazardous condition because it installed the gas meter after the air conditioning unit was already in place. Moreover, the improper conduct of a CLP employee caused gas to leak from the gas meter. Therefore, the liability of the defendants would appear to the court to be virtually, if not wholly, nonexistent.
Notwithstanding the court's view of the liability, issues of negligence and the underlying components thereof, including foreseeability of the risk of injury, are ordinarily factual questions for the trier and should be resolved by trial in the ordinary manner. Spencer v. Good Earth Corporation, 164 Conn. 194,199, 319 A.2d 403 1972; Abbott v. Bristol, 167 Conn. 143,146, 355 A.2d 68 (1974); Coburn v. Lenox Homes, Inc., 173 Conn. 567,576, 378 A.2d 599 (1977).
Based on the foregoing, the court must deny the Motion for Summary Judgment.
BY THE COURT, Aurigemma, J. CT Page 7721