[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT ANDPROTECTIVE ORDER
On March 30, 1995 the plaintiff, Marilynne Stratton, filed an amended complaint in five counts against the defendant, Preferred Properties, Inc. Count one alleges a misrepresentation by CT Page 12499-Q defendant, count two alleges breach of contract, count three, incorporating the allegations of the first two counts, alleges violation of the Connecticut Unfair Trade Practices Act (General Statutes § 42-110a et seq, or, "CUTPA"), count four is for quantum meruit and count five requests wages under General Statutes § 31-72. On October 19, 1995 the defendant filed a motion for partial summary judgement on the third count of plaintiff's complaint which count alleged violation of the CUTPA statute. A motion for a protective order against plaintiff's discovery demands for financial information in relation to the CUTPA claim was filed on September 5, 1995. Oral arguments on the motions were heard on November 13, 1995.
Marilynne Stratton alleges a violation of CUTPA for unfair trade practices arising from misrepresentation and breach of contract by Preferred Property, Inc. At issue is whether or not a real estate sales person is an employee or an independent contractor, for the purposes of CUTPA claims.[1] The defendant has brought a motion for summary judgment, arguing that Connecticut law has established that real estate agents are employees, under General Statutes § 31-71(a) and Tianti v. William Raveis RealEstate, Inc. 231 Conn. 690, 651 A.2d 1286 (1995). The plaintiff argues that certain factors distinguish this case from Tianti, creating a genuine issue of fact.
The legal standard for summary judgment in Connecticut is that there be "no genuine issue as to any material fact." Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-97, 600 A.2d 1040, 1042
(1991). A material fact is one which will make a difference in the outcome of the case, so that it could affect the outcome of the lawsuit. Yanow v. Teal Industries, 178 Conn. 262, 268,422 A.2d 311, 315 (1979). The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). A party opposing summary judgment must substantiate its adverse claim by reciting facts which contradict those offered by the moving party. Kasowitz v. Mutual Construction Co, 154 Conn. 607,613, 228 A.2d 149 (1967). The trial court, in determining whether there is a genuine issue of material fact, must view the evidence in the light most favorable to the nonmoving party. TownBank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971
(1978). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982). CT Page 12499-R
In Tianti v. William Raveis Real Estate, Inc. 231 Conn. 690,651 A.2d 1286 (1995), the court held that the proper definition of an employee could be found in General Statutes § 31-71(a):
(2) "Employee" includes any person suffered or permitted to work by the employer.
From a reading of the plain language of the statute, the court found that a real estate salesperson, "engaged by a brokerage firm doing business as a corporation and compensated by commission, would be someone who was `suffered or permitted to work as an employee,' and hence, an employee." Tianti v. William Raveis RealEstate, Inc., supra 231 Conn. 696. The court went on to further support their position by applying the "ABC" test, from General Statutes § 31-222 (a)(1)(B) (ii)[2] to the facts of the case. The most important factor, the court felt, was step one, the issue of control. Certain enumerated factors demonstrated to the court that the defendant agency did indeed exert a great deal of control over the agent. The significant factors included: requirements to attend office meetings; business activities performed under the name of the agency; use of agency letterheads, business cards and supplies; required training sessions; and the ability to terminate the relationship without breach of contract, if the agent was not compliant. Tianti v. William Raveis Real Estate, Inc., supra,231 Conn. 698. The court found these indicators so compelling it did not need to even consider steps two and three of the test, and that the agent was, indeed, an employee. In concurrence with the result, Justice Berdon stated that the ABC test was unnecessary because the issue can be decided on the plain language of the statute. He argued that any legislative intent of a more restrictive definition would have been demonstrated by a specific exclusion, as in other labor related statutes, such as General Statutes §§ 31-58(f) (restrictive definition of "employee for purposes of minimum wages), 31-222(a)(5)(K) (restrictive definition for unemployment compensation) and 20-312(o) (exclusion of real-estate agents from workman's compensation). Tianti v. WilliamRaveis Real Estate, Inc., supra, 231 Conn. 703-04.
Connecticut courts have also found employer-employee relationships where there was a specific contract to the contrary. In Walter N. Latimer v. Administrator, U.E. Compensation Act,216 Conn. 237, 579 A.2d 497 (1990), an employee-employer relationship was found where an elderly man engaged private personal care assistants, through a nursing agency, who signed contracts as CT Page 12499-S independent contractors for the positions. The court, (citingJohnson v. Department of Labor and Industry, 783 P.2d 1355 (1989)), found that the right to terminate a relationship without liability was not consistent with the concept of an independent contractor.Latimer v. Administrator. U.E. Compensation Act, supra, 249.
The moving party argues that this case is like Tianti because of common "control" factors. The movant alleges that Ms. Stratton: was required to read and comply with the policy and procedure manual; did business under the defendant's name and trademark; used the defendant's letterhead, business cards, signs, and office equipment; had weekly assigned floor duty for which coverage had to be arranged by the plaintiff if she herself could not attend; and could be terminated at any time without liability.
In opposition, the plaintiff argues that partial summary judgment should not be found on this issue because: the defendant has not admitted that Marilynne Stratton was an employee, and in fact has argued against it; certain documents describe her as an independent agent; and because certain facts are distinct fromTianti. The plaintiff contends that the issue of control is not established because, unlike Tianti, Ms. Stratton was not required to attend training programs, had no set goals or minimum listings, and all floor time was on a voluntary basis. These distinctions are contended to create a genuine issue of fact as to whether or not Ms. Stratton could be considered to have an employee-employer relationship with the defendant.
Viewing this motion in the light most favorable to the nonmoving party, the court accepts the assertions that Ms. Stratton did not have to attend training programs, maintain set goals or minimum listings and that all floor time was on a voluntary basis. The court also concludes from the pleadings and affidavits that Ms. Stratton was required to read and comply with the policy and procedure manual; did business under the defendant's name and trade mark; used the defendant's letterhead, business cards, signs, and office equipment; and could be terminated without liability, since she did not deny these assertions.
In applying the rules set forth in Tianti, the court first notes that the defendant in that case, as in this one, also argued that the plaintiff real estate agent was an independent contractor. That court noted that even where there are signed documents to the contrary, Connecticut courts have established the existence of employer-employee relationships. (See, e.g. Latimer v.CT Page 12499-TAdministrator, U.E. Compensation Act, supra, 216 Conn. 237). Neither the defendant's assertions nor the signed documents were considered decisive on that issue. Instead, the court relied on the expansive definition of "employee" in General Statutes § 31-71(a) and the "control" factor of the ABC test. The decision did not state that this real estate sales agent was an employee, it stated that "a real estate salesperson, engaged by a real estate brokerage firm doing business as a corporation and compensated by commission, would be someone who was `suffered or permitted to work by an employer,' and hence and employee. General Statutes §31-71a(2)." Tianti v. William Raveis Real Estate, Inc, supra,231 Conn. 696. This court finds such language applicable to this case as well, and holds that, under the language of the Connecticut Statute, Ms. Stratton is an employee.
The "control" test is equally applicable in this case. Like the agent Tianti, Ms. Stratton used the name and trademark of the brokerage firm. She was required to read the policy and procedure manual and could be terminated without liability for noncompliance. She used the business cards and letterheads of the agency. The only clear distinctions between Tianti and the case at bar is that Ms. Stratton did not have to attend training session and had no non-voluntary floor time. These differences are not adequate to demonstrate a genuine issue of fact as to whether or not Ms. Stratton was an employee of the defendant brokerage firm. The remaining factors are sufficient to meet the "control" test.
The issue of the applicability of the definition of "employee," as given in General Statutes § 31-71a(2) and in theTianti decision, to violations of CUTPA, has not yet reached appellate courts. However, another trial court has applied these definitions in a case with striking similarities to the one at hand. In Stewart v. William Raveis Real Estate Inc., D.N. CV 95-0371850, Judicial District of New Haven at New Haven, (August 7, 1995, Zoarski, J.), Judge Zoarski struck a CUTPA claim in which the plaintiff alleged she was an independent contractor. As in this case, the plaintiff also had a claim for wages under General Statutes § 31-72, as an employee, and the CUTPA claim as an independent contractor. The court found that, under Tianti, the plaintiff was an employee, and therefore, under Quimby v. KimberlyClark Corp. , supra note 1, 28 Conn. App. 660, not eligible for the CUTPA claim.
This court finds no genuine issue of material fact. Connecticut statutory and decisional law indicate that Ms. Stratton CT Page 12499-U was, as a matter of law, an employee of the defendant firm and therefore ineligible for CUTPA claims. The defendant's motion for partial summary judgment on count three of the plaintiffs complaint is granted.
The defendant has also moved for a protective order against discovery demands for financial information related to the CUTPA claim. Because of the decision herein to grant partial summary judgment against the CUTPA claim, the protective order against discovery of financial documents related to that claim is also granted.
D'ANDREA, J.