[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Czarna Konecky a/k/a Helen Konecky, commenced this action alleging that the defendants were negligent in causing the plaintiff to slip and fall on ice. Pursuant to P.B. sec 378, etseq., the defendant, Howie's Painting Services, Inc., moves for summary judgment on count three of plaintiff's amended complaint.
Pursuant to P.B. sec 384 summary judgment ". . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 5496-Z material fact and that the moving party is entitled to judgment as a matter of law". See also, United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 377 (1969). A genuine issue has been variously described as a "triable, substantial or real" issue of fact; one which can be maintained by substantive evidence. United Oil Co., supra, 378. A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case. Id., 379. In seeking a summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. D.H.R Construction Co. v.Donnelly, 180 Conn. 430, 434 (1980). To satisfy his burden the moving party must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Id, 434; Plouffe v. NewYork, k N.H. H.R Co., 160 Conn. 482, 488. (1971). And, since the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. D.H.R Construction Co.,supra, 434. Finally, mere statements of legal conclusions or that an issue of fact does exist are not sufficient to satisfy the movant's burden. United Oil Co., supra, 377; Kasowitz v. MutualConstruction Co., 154 Conn. 607, 613 (1967).
Applying the foregoing rules to the defendant's motion it is clear that it has failed to show that there are no genuine issues of material fact. In fact, it is unclear whether or not, on January 18, 1994, Howie's Painting Services, was responsible for the removal of ice and snow from the area where the plaintiff slipped and fell. Therefore, factual issues alleged in the Third count of plaintiff's amended complaint remain unresolved.
Accordingly, defendant's motion for summary judgment is hereby
DENIED.
BY THE COURT,
Melville, J.