[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this appeal claiming that the assessment by the City of Bridgeport Board of Tax Review of the plaintiff's real property owns is excessive. The plaintiff claims that, on the basis of unusual circumstances including the destruction of property and the City of Bridgeport postponing its revaluation of its property beyond the decennial cycle outlined in Connecticut General Statutes Section 12-62, it is entitled to an interim adjustment of the assessment of the property in question. The defendants' seek summary judgment claiming that the plaintiff's sole remedy can be found in Section 12-62. In addition, the plaintiff filed a counter-motion for summary judgment.
The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 7741 moving party is entitled to judgment as a matter of law. UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377
(1969) (citing Rathkopf v. Pearson, 148 Conn. 260, 263 (1961)). Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue. United Oil Co.,158 Conn. at 377 (citing Kasowitz v. Mutual Construction Co.,154 Conn. 607, 613 (1967)). A "genuine" issue has been variously described as a "triable," "substantial" or "real" issue of fact; and has been defined as one which can be maintained by substantial evidence. United Oil Co., 158 Conn. at 378 (citingFiremen's Mutual Ins. Co. v. Aponaug Mfg. Co., 149 F.2d 359, 362
(5th Cir. 1945) and Riss Co., Inc. v. Assn. of AmericanRailroads, 190 F. Sup. 10, 17 (D.D.C. 1960)) (footnotes omitted). A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case.United Oil Co., 158 Conn. at 379 (citing Curtis v. United States,168 F. Sup. 213, 216 (Ct.Cl. 1958), cert. denied, 361 U.S. 843,80 S.Ct. 94, 4 L.Ed.2d 81 (1959)). In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980). To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. D.H.R. Construction Co., 180 Conn. at 434
(citing Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488
(1971)). As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent.D.H.R. Construction Co., 180 Conn. at 434.
Connecticut General Statutes § 12-62 is based upon the legislature's awareness that, even though property values may fluctuate within a designated cycle, it is neither realistic nor necessary desirable to require more frequent property revaluations. Ralston Purina Co. v. Board of Tax Review,203 Conn. 425, 438 (1987). The legislature precluded interim revaluations except in unusual circumstances. Id, 440. Even if the facts as alleged are true the plaintiff has not provided a convincing rationale for this court to depart from the controlling law in this matter to grant an interim revaluation in this case. The facts alleged simply do not, as a matter of law, rise to the levels impliedly recognized by the Ralston court at 435-36. Furthermore, collateral estoppel prevents the plaintiff from relitigating an issue that was fully litigated by its predecessor in title. Consequently, while plaintiff's claim for summary judgment is an inappropriate device to end this dispute, CT Page 7742 defendant's motion for summary judgment should be granted for the reasons herein stated. Accordingly, Plaintiff's motion for summary judgment is hereby DENIED; defendant's motion is herebyGRANTED.
BY THE COURT
MELVILLE, J.