[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
Both parties have moved for summary judgment in this action in which the plaintiff' seeks to recover as the named beneficiary under a group life insurance policy which insured the life of her late husband, Jay R. O'Connell, who committed suicide on January 21, 1993. The policy in question precludes the payment of benefits, other than a return of all premiums paid, in the event of "death of an insured by suicide, whether sane or; insane, within two years of the effective date of the insurance. . . ." The resolution of both motions is dependent upon the answer to one question: What was the "effective date" of the insurance?
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely CT Page 338 determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries. Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing arty merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
On January 18, 1991, Jay O'Connell filled out an application for Savings Bank Depositors Group Life Insurance through the New Haven Savings Bank. As part of the application, he expressly acknowledged that "Any insurance issued in accordance with [this application] shall become effective on the first day of the month CT Page 339 following the date it is approved." At the top of the application form, there is a box to be filled in by the person approving the insurance, and it is clear that the application was approved on January 31, 1991.
Following that approval, the bank forwarded a Certificate of insurance indicating February 1, 1991 as the date of issue and stating, in the "Effective Date" portion of the "Definitions" section, "The effective date of an insured's insurance shall be the first day, of the month following the date of approval." All of these indicators thus far therefore point quite unambiguously to the conclusions that the effective date of the policy was February 1, 1991 and that because O'Connell's suicide occurred on January 21, 1993, less than two years after that date, his beneficiary is not entitled to recover any more than the total amount of the premiums paid under the policy.
According to the uncontradicted affidavit of the defendant's compliance officer, the Savings Bank Depositors Group Life Insurance Policy at issue in this case was issued by SBLI to the New Haven Savings Bank on January 1, 1988. Indeed, the "schedule page" of the Certificate issued to Jay O'Connell, while indicating the date of issue of the Certificate regarding his insurance coverage as February 1, 1991, also includes the statement:
 Group Policy No: 19-19 Effective Date: Jan 01, 1988
Based on this one reference, the plaintiff, in her motion for summary judgment, asks the court to conclude that the "effective date" referred to in the suicide exclusion is January 1, 1988, and not February 1, 1991. Therefore, she contends, her husband's death does not fall within the two year suicide exclusion. Alternatively, she argues that at least there is an ambiguity as to this issue and that such an ambiguity must be' construed against the insurer. Cody v. Remington Electric Shavers,179 Conn. 494. 497 (1980).
It is beyond dispute from the material submitted both in support of and in opposition to summary judgment that the January 1, 1988 "effective date" refers only to the date on which the group policy was issued by SBLI to the New Haven Savings Bank. To argue otherwise strains credulity past the breaking point, for if the plaintiff's logic is followed, it means that the defendant CT Page 340 included a suicide exclusion provision in its policy that was obsolete more than a year before the plaintiff's decedent even applied for the insurance. Even with the recognition that in construing a policy of insurance, "the court must read it as a layman", Standard Structural Steel Co. v. Bethlehem Steel Corp. ,5971 F. Sup. 164, 190 (D. CONN. 1984), a layman could not reasonably believe that an insurer would include a meaningless suicide exclusion in his policy, especially when there were two clear and unambiguous indications that February 1, 1991 would be the effective date of O'Connell's insurance, and the sole reference relied upon by plaintiff by its own terms related to the effective date of the overall group policy.
The terms of an insurance policy should be enforced in accordance with the true; intent of the parties as expressed in the language of the policies. That language must be given a reasonable interpretation, and the words must be given their common ordinary and customary meaning. Izzo v. Colonial PennInsurance Co., 203 Conn. 305, 309 (1987). Courts should not "indulge in forced construction ignoring provisions or so distorting them as to accord a meaning other than evidently intended by the parties." Schultz v. Hartford Fire Insurance Co.,213 Conn. 696, 702 (1990). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyer or layman contend for different meanings." Downs v.National Casualty Co., 146 Conn. 490, 495-96 (1959).
There are no facts in dispute regarding the critical determination to be made to resolve the question presented by these cross motions for summary judgment. The defendant is entitled to judgment as a matter law, and its motion for summary judgment is therefore granted. The plaintiff's motion for summary judgment is denied.
Jonathan E. Silbert, Judge