[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#205)
The Motion for Summary Judgement as to all allegations/counts in which the defendant David Kelly is named is granted.
 "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . .It is not enough. however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.' Bartha v. Waterbury House Wrecking Co., [190 Conn. 8, 12, 459 A.2d 115 (1983)]. `The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' Kasowitz v. Mutual Construction Co., 154 Conn. 607. 613, 228 A.2d 149 (1967), quoting Boyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962). . . ." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984); Daily v. New Britain Machine Co., supra, 568-569. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant s affidavits and documents." State v. Goggin, supra. 616-17. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990).
THE COURT CT Page 1421
DANIEL E. BRENNAN, JR., J.