[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT (#134)
The Motion for Summary Judgement (#134) is granted.
First,
 "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.' Bartha v. Waterbury House Wrecking Co.,
[190 Conn. 8, 12, 459 A.2d 115 (1983)]. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue. of fact does exist.' Kasowitz v. Mutual Construction Co., 154 Conn. 607, 613, 228 A.2d 149 (1967), quoting Boyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962) . . . ." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984); Daily v. New Britain Machine Co., supra, 568-569. "To oppose a motion for summary judgment successfully, the nonmovant must CT Page 1644 recite specific facts which contradict those stated in the movant's affidavits and documents." State v. Goggin, supra, 616-17. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990).
Secondly, the Honorable William Mottolese, Judge, established the law of this case in his decision (June 30, 2000). A result of his decision was that the approvals were proper. There is no legal requirement that a separate excavation permit be obtained.
THE COURT,
DANIEL E. BRENNAN, JR., J.